Darrell ELMORE *v.* STATE of Arkansas

CR 80-34                                                595 S.W. 2d 218
Supreme Court of Arkansas
Opinion delivered March 17, 1980

*John W. Achor,* Public Defender, by: *Lavona Wilson,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury fixed appellant's punishment at five years' imprisonment for breaking and entering and ten years' imprisonment for second degree forgery after finding him a habitual offender. Appellant contends for reversal that the trial court "erred in allowing facially defective documents to be received into evidence for purposes of enhancing the defendant's sentence under Ark. Stat. Ann. § 41-1001 (Repl. 1977)." Appellant questions the sufficiency of the proof with regard to only one of his four previous convictions. His name is Darrell G. Elmore, Jr. It appears he is sometimes referred to as Darrell Elmore. He argues that since one of the certified copies of a judgment introduced into evidence reflects the name Darrell Gilmore, Jr., there was no substantial evidence to support a finding as to this particular conviction.

Ark. Stat. Ann. § 41-1003 (Repl. 1977) provides that a prior conviction may "be proved by any evidence that satisfies the trier of fact beyond a reasonable doubt that the defendant was convicted." The burden is on the state to prove the defendant's prior convictions for the purpose of sentencing under the habitual offender statute. *Leggins* v. *State,* 267 Ark. 293, 590 S.W. 2d 22 (1979); and *McConahay* v. *State,* 257 Ark. 328, 516 S.W. 2d 887 (1974). The state, however, is not limited to the methods of proof set fo.·th in the statute. *Parker* v. *State,* 258 Ark. 880, 529 S.W. 2d 860 (1975); and *Cary* v. *State,* 259 Ark. 510, 534 S.W. 2d 230 (1976). On appeal the test is whether there is substantial evidence from which the jury could have found that the appellant was previously convicted of the questioned felony. *Leggins* v. *State, supra.* Here in reviewing the evidence, together with the testimony of the deputy court clerk, it appears that a copy of the judgment captioned Darrell Gilmore, Jr., was accom-

panied by the commitment order on which the appellant's name, Darrell G. Elmore, Jr., was spelled correctly. These two documents were identical in every respect except as noted. The case number, the attorneys for the parties, and the offense (burglary and grand larceny) were the same. The documents and the clerk's testimony show the proceedings occurred in the same court on the same date. Appellant himself admitted on cross-examination that he was guilty of "all these convictions that were introduced." We hold there was ample substantial evidence to support the jury's finding.

Affirmed.