David FAIN *v.* STATE of Arkansas

CR 84-196                                        688 S.W.2d 940

Supreme Court of Arkansas
Opinion delivered May 13, 1985

36

*Don Bassett*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. David Fain, an inmate in the Arkansas penitentiary, filed a petition for a writ of mandamus to require A. L. Lockhart, the Director of the Arkansas Department of Correction to recalculate Fain's eligibility for parole. Fain had been determined to be not eligible for parole. The trial court properly denied the petition.

Fain had four convictions. In 1980 he was sentenced as a second offender under Act 93 of 1977, which determines parole eligibility, to a total of 21 years. For a subsequent crime, he was sentenced as a third offender to 24 years, to be served consecutively to the 21 year sentence. In 1982 he was sentenced to 20 years for a crime he committed while in prison. At this point he was properly determined to be a fourth offender and, therefore,

not eligible for parole. Ark. Stat. Ann. § 43-2829(B)(5) (Repl. 1977). It was determined that he would have to serve the total of 65 years to which he had been sentenced.

Fain's arguments are somewhat unique, but the thrust is that the last sentence, for 20 years, is the only valid sentence. To support that assertion he argues that Ark. Stat. Ann. § 43-2829 (B)(5), which codifies section 2(B)(5) of Act 93 of 1977, is void for vagueness and that the trial court which sentenced him to 20 years intended to discharge all of his prior sentences.

■■ Ark. Stat. Ann. § 43-2829(B)(5) states:

> Inmates classified as fourth offenders under this Act upon entering a correctional institution in this State under sentence from a circuit court shall not be eligible for parole, but they are entitled to good time as provided by law.

That statute is clear but is further clarified by Ark. Stat. Ann. § 43-2828(4) (Repl. 1977), which provides:

> Fourth offenders shall be inmates convicted of four or more felonies and who have been incarcerated in some correctional institution in the United States, whether local, state or federal, three or more times, for a crime which was a felony under the laws of the jurisdiction in which the offender was incarcerated, prior to being sentenced to a correctional institution in this State for the offense or offenses for which they are being classified.

■■ The constitutional test for vagueness was recently discussed in *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984), supp. op. on reh., 283 Ark. 434, 678 S.W.2d 395 (1984), where we held:

> Due process requires a statute to be definite enough to provide (1) a standard of conduct for those whose activities are proscribed and (2) a standard for police enforcement and for ascertainment of guilt.

The statute in question obviously meets that test. The proscribed activity is committing four or more felonies, and the result is ineligibility for parole.

■ We reject the argument that the trial court meant to

discharge all sentences except the last one because even if that was the intent, a fact not supported by the record, the trial court had no power to affect sentences already put into execution. See *Cooper* v. *State*, 278 Ark. 394, 645 S.W.2d 950 (1983).

■ A parenthetical argument made by Fain is that Act 93 of 1977 wrongfully allows the Department of Correction to determine the length of sentence rather than the court. Determining parole eligibility according to the sentences imposed by the trial courts is the prerogative of the Department of Correction. See *Jones* v. *State*, 270 Ark. 328, 605 S.W.2d 7 (1980).

Affirmed.