Zakee Kaleem ABDULLAH *v.* A.L. LOCKHART

89-272                                                790 S.W.2d 440

Supreme Court of Arkansas
Opinion delivered June 18, 1990
[Rehearing denied July 16, 1990.]

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DALE PRICE, Justice. This is a *pro se* appeal from an order denying the appellant's petition for a writ of mandamus and declaratory relief. The primary issue concerns the appellant's classification as a fourth offender for parole eligibility purposes.

The facts are that the appellant pled guilty to seven counts of burglary in 1982. He was sentenced to five years on each count for a total of thirty-five years, and incarcerated in the Department of Correction. The appellant's records showed three prior convictions, obtained as the result of guilty pleas: second degree forgery

in 1980, burglary in 1977 and burglary in 1975. It was determined that, pursuant to Act 93 of 1977, the appellant, as a fourth offender, was not eligible for parole.

The appellant filed suit challenging his classification as a fourth offender. He claimed that his three previous convictions were obtained without his having benefit of counsel and, therefore, should not be used to determine his parole eligibility status. The trial court found no error in the use of the prior convictions. We affirm.

Unless a record of prior convictions shows the defendant was represented by counsel, there is a presumption that the defendant was denied effective assistance of counsel. *Burgett* v. *Texas*, 389 U.S. 109 (1967); *Stewart* v. *State*, 300 Ark. 147, 777 S.W.2d 844 (1989). The burden of proof is on the state. *Elmore* v. *State*, 268 Ark. 225, 595 S.W.2d 218 (1980).

Here the certified copies of the judgments do not show whether the defendant was represented by counsel, but other documents, such as docket sheets and records of proceedings may be used. *Stewart* v. *State, supra.* The docket sheet for the 1975 conviction contains an entry which reads: "Defendant waives his right to counsel and enters his plea of guilty." The docket sheet is certified as true and correct by the circuit clerk. The cover for the docket sheet in the 1977 conviction reflects the name of James C. Graves as attorney for the defendant. Finally, the record of the plea hearing in the 1980 conviction shows the appellant, when told he had the right to an attorney, said that his attorney would be "Almighty God of the Heavens and the Earth." The state met its burden of proof by showing that appellant was represented by counsel or waived counsel on each prior conviction.

The appellant makes two other arguments which must also fail. First, he contends that the parole eligibility law, under which his classification was computed, was not in effect at the time he was sentenced in 1982. Appellant's status was determined under Act 93 of 1977, which is codified at Ark. Code Ann. § 16-93-604 (1987). Under that statute, the Department computes parole eligibility for offenses committed between April 1, 1977, and April 1, 1983.

Act 93 was in effect when the appellant was convicted of

his third offense in 1980 and when he committed his fourth offense in 1982. Hence, as we said in *Woods* v. *Lockhart*, 292 Ark. 37, 727 S.W.2d 849 (1987), and *Tisdale* v. *Lockhart*, 288 Ark. 203, 703 S.W.2d 849 (1986), the appellant must be taken to have known that, if he committed a fourth offense, his parole eligibility would be computed in accordance with the law in effect at the time his latest felony was committed. Here that law was Act 93, and it provides that fourth offenders are not eligible for parole.

Finally, the appellant argues that it was the prerogative of the sentencing court, not the Department of Correction, to determine his parole eligibility status. Determining parole eligibility is the province of the Department of Correction. *Fain* v. *State*, 286 Ark. 35, 688 S.W.2d 940 (1985).

Affirmed.