**Zakee Kaleem ABDULLAH a/k/a Robert Earl White,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Respondent.**

**Civ. No. PB–C–90–429.**

United States District Court, E.D. Arkansas, Pine Bluff Division.

Dec. 26, 1991.

Kendell R. Black, Walker & Black, Little Rock, Ark., for petitioner.

Winston Bryant, Atty. Gen. by Lynley Arnett and Thomas Jeffery Vining, Asst. Attys. Gen., Little Rock, Ark., for respondent.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

Petitioner filed his fifth petition for writ of habeas corpus on August 20, 1990. He raises two grounds for relief: (1) his due process and equal protection rights are being violated by the Arkansas Department of Correction for its use of three prior uncounseled convictions to enhance petitioner's punishment on a thirty-five year sentence he is currently serving; and (2) petitioner is being denied due process and equal protection because "the Arkansas Department of Correction is without authority under ex post facto law to prolong petitioner's punishment, causing him to be ineligible for parole."

The Magistrate Judge issued his recommended decision on June 26, 1991, finding *inter alia* that the grounds raised are not procedurally barred and that the fifth petition is not an abuse of the writ. The Magistrate Judge noted that the Eighth

Circuit had issued a *per curiam* order on December 31, 1986, dismissing petitioner's petition without prejudice to allow petitioner to exhaust his state remedies.[1]

Petitioner subsequently sought relief in state court. On June 18, 1990, the Arkansas Supreme Court delivered its opinion denying the petition for writ of mandamus and declaratory relief. *Abdullah v. Lockhart*, 302 Ark. 506, 790 S.W.2d 440 (1990).

The Magistrate Judge, relying on the decision of the Arkansas Supreme Court, recommended that the petition be dismissed. The Court, on July 26, 1991, after reviewing petitioner's objections, referred the case back to the Magistrate Judge for reconsideration of petitioner's contentions that his prior convictions were uncounseled, and for the taking of additional evidence if necessary.

Counsel was appointed for petitioner and additional written evidence was submitted to the Magistrate Judge.[2] The Magistrate Judge once again recommends that the petition be dismissed. The Court has reviewed the entire record, including petitioner's objections, and finds that the recommendation of the Magistrate Judge must be rejected and that the petition be granted.[3]

Petitioner pled guilty to two counts of attempted burglary, three counts of burglary, and two counts of theft of property in 1982 in Clark County Circuit Court. He was sentenced to five years' imprisonment on each conviction, with the sentences to run consecutively. He had previously been

1. Petitioner had contended that the Arkansas Department of Correction violated due process by using prior uncounseled convictions to substantially delay his eligibility for parole. The Eighth Circuit noted that petitioner may have an adequate remedy in state court. *See Schwindling v. Smith*, 777 F.2d 431 (8th Cir.1985). However, the Eighth Circuit refused to find that habeas corpus relief would be unavailable to a petitioner challenging the use of prior uncounseled convictions which improperly affected his or her parole eligibility date. *See discussion, infra.* Thus, the appellate court remanded the case to the district court with directions to dismiss the petition without prejudice to petitioner's right to return to federal court in the event the state courts finally reject his claim. *Abdullah v. Lockhart*, 808 F.2d 841 (8th Cir.1986).

2. In particular, respondent produced the copy of the transcript of the evidentiary hearing in the circuit court of Jefferson County, Arkansas, held on July 6, 1988, pursuant to the petition for declaratory judgment and writ of mandamus that petitioner filed after the Eighth Circuit dismissed his petition.

3. The Court agrees with the Magistrate Judge that the second ground raised by petitioner that the Department of Correction is without authority under ex post facto law to prolong his punishment is without merit and should be dismissed.

convicted of burglary in 1975, burglary in 1977, and forgery in 1980. Petitioner was classified as a fourth offender and therefore is not eligible for parole. A.C.A. § 16–93–604(b)(5) (1987).[4]

Petitioner contends that his three prior felony convictions were obtained without his having benefit of counsel and therefore they cannot be used in determining parole eligibility.

 A criminal defendant has the right to assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). A defendant may waive his or her Sixth Amendment right to counsel, but such waiver must be made knowingly, intelligently and voluntarily. *Berry v. Lockhart*, 873 F.2d 1168 (8th Cir. 1989). Unless a record of prior convictions shows that the defendant was represented by counsel, there is a presumption that the defendant was denied effective assistance of counsel. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Presuming waiver of counsel from a silent record is impermissible. *Id.* at 115, 88 S.Ct. at 262. Every reasonable presumption must be indulged against the waiver of fundamental constitutional rights. *Kincade v. State*, 303 Ark. 331, 333, 796 S.W.2d 580 (1990). The burden is on the state to prove waiver or effective assistance of counsel. *Elmore v. State*, 268 Ark. 225, 595 S.W.2d 218 (1980).

The Arkansas Supreme Court, after reviewing the record, found that the state had met its burden of proof by showing that petitioner was represented by counsel or waived counsel for each of the three prior convictions. 302 Ark. at 508, 790 S.W.2d 440. The Magistrate Judge found that the factual findings of the state court are entitled to a presumption of correctness and that the factual findings of the court are fairly supported by the record.

Under 28 U.S.C. § 2254(d), a state court's findings after an evidentiary hearing on factual issues are presumed to be correct unless the petitioner can establish that one of eight enumerated exceptions apply. *Sumner v. Mata*, 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982). This circuit appears to hold that whether a waiver is knowing, voluntary and intelligent is a legal conclusion but that the state court findings of fact underlying the conclusion are presumed correct unless one of the eight subsections of § 2254(d) applies. *Henderson v. Smith*, 903 F.2d 534, 537 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 529, 112 L.Ed.2d 539 (1990).

 The Court finds that the state court's determination that petitioner effectively waived his counsel with regard to the 1975 conviction is not supported by the record. The docket sheet merely states that defendant "waives his right to counsel and enters his plea of guilty." There is no indication that petitioner was advised of his right to counsel, or the consequences of proceeding without an attorney. The constitutional minimum for determining whether a waiver is knowing and intelligent is that a defendant be made sufficiently aware of his or her right to have counsel present and of the possible consequences of a decision to forgo the aid of counsel. *Patterson v. Illinois*, 487 U.S. 285, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988); *Meyer v. Sargent*, 854 F.2d 1110 (8th Cir.1988).

The written record is silent as to whether petitioner was informed of his rights. Petitioner testified at the evidentiary hearing in state court that he was never advised of his right to counsel. The Court will not presume waiver in this instance based merely on the statement in the docket sheet that petitioner waived his right to counsel. *See Scott v. State*, 298 Ark. 214, 218, 766 S.W.2d 428 (1989) ("The record ... is completely silent on waiver of counsel. There is no recorded specific warning of the dangers and disadvantages of self-representation. Moreover, there is no record showing that the defendant possessed such required knowledge from other sources.")

---

4. A.C.A. § 16–93–604(b)(5) provides:
 Inmates classified as fourth offenders under § 16–93–603, upon entering a correctional institution in this state under sentence from a circuit court, shall not be eligible for parole, but they shall be entitled to goodtime allowances as provided by law.

The Court finds, that with respect to state circuit court case no. CR–75–11 (the 1975 burglary conviction), the state did not meet its burden of showing that petitioner knowingly and voluntarily waived his right to counsel, and that the unconstitutional conviction cannot be used in determining parole eligibility.

■ The state court found that defendant was represented by counsel in state circuit court case no. CR–77–31. The criminal docket sheet filed on June 20, 1977, contains the name of James Graves as attorney for petitioner. Petitioner contends that Graves never represented him, and that he was not informed of his right to counsel.

The Court finds that the criminal docket sheet dated June 20, 1977, is insufficient to demonstrate that petitioner was represented by counsel in light of contrary evidence reflecting that he was not represented. The Court notes that docket sheet entry for June 27, 1977, states that "defendant enters his plea of guilty." There is no indication that petitioner appeared with counsel to enter a plea. Furthermore, the copy of the commitment document states that defendant alone appeared to enter his plea of guilty.[5]

The Court finds that based on the evidence submitted, along with the testimony of petitioner, the state has not met its burden of demonstrating that petitioner received effective assistance of counsel with respect to the 1977 burglary conviction. Furthermore, the record is completely silent as to whether petitioner waived his right to counsel.

Thus, the Court finds that the 1977 conviction cannot be used to determine petitioner's parole eligibility.

■ The Arkansas Supreme Court found that petitioner had waived his right to counsel in the 1980 case. While the transcript of the plea hearing reveals that petitioner was not advised of all the dangers and disadvantages of self-representation, the record supports the conclusion that petitioner effectively waived his right to counsel. The trial court advised petitioner that he had a right to be represented by counsel and asked if he was able to employ an attorney. Furthermore, petitioner stated he understood the charges against him, and the possible penalty.

Under the totality of circumstances, the Court finds that petitioner effectively waived his right to counsel.

■ Having determined that the 1975 and 1977 convictions are unconstitutional and that they cannot be used for parole eligibility, the question remains what remedy exists. Recently, the Eighth Circuit held that the petition for writ of habeas corpus is an appropriate method to challenge parole eligibility. *Wilson v. Lockhart*, 949 F.2d 1051 (8th Cir.1991). As noted above, petitioner has exhausted his state remedies, and his petition is properly before the Court.

The Court finds that the petition should be granted. The state is directed to recompute petitioner's parole eligibility in light of the invalidation of the 1975 and 1977 convictions.

IT IS SO ORDERED.

---

5. The record is further confused by the subsequent appearance of James Graves as deputy prosecuting attorney for the 1980 forgery conviction.