SLIP OPINION

Cite as 2013 Ark. 354

# SUPREME COURT OF ARKANSAS

No. CV-11-1112

| | |
|---|---|
| MARVIN ANDERSON<br><br>                              APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION; LEROY BROWNLEE, CHAIRMAN OF THE ARKANSAS PAROLE BOARD<br>                              APPELLEES | Opinion Delivered September 26, 2013<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT, 35CV-11-430, HON. JODI RAINES DENNIS, JUDGE<br><br><br><br>AFFIRMED. |

## PER CURIAM

On March 24, 1998, appellant Marvin Anderson entered a plea of guilty in the Union County Circuit Court to one count of rape, and a sentence of thirty years' imprisonment was imposed. The date of the offense was February 13, 1997. The judgment-and-commitment order reflected that, as a result of the rape conviction, the trial court revoked appellant's probationary sentences for three counts of first-degree carnal abuse. A sentence of ten years' imprisonment was imposed for each count of first-degree carnal abuse with the terms to be served concurrently with one another but consecutive to the thirty-year rape sentence.

The Arkansas Department of Correction (ADC) calculated that after serving one-third of his sentence for his convictions for first-degree carnal abuse, appellant was eligible for transfer on those convictions on September 6, 2000, and that appellant's sentence for his rape conviction began on that date. Appellant does not challenge this calculation. Applying Arkansas Code Annotated section 16-93-611 (Supp. 1995), the ADC further calculated that after serving

seventy percent of his thirty-year sentence, or 21 years, for the rape conviction, appellant would be eligible for transfer on September 5, 2021.

On July 8, 2011, appellant filed a pro se motion for declaratory judgment against the Director of the Arkansas Department of Correction and the Chairman of the Arkansas Parole Board in the Jefferson County Circuit Court. In the motion, appellant contended that the ADC erred in its calculation of his transfer-eligibility date because he should not be required by section 16-93-611 to serve seventy percent of his sentence for committing the crime of rape before being eligible for transfer to community-punishment placement. The circuit court denied the motion, and appellant brings this appeal. We find no error and affirm.

On appeal, appellant contends that the ADC applied the wrong statute in computing when he is eligible for transfer to community-punishment placement. However, he fails to show how the ADC has miscalculated his transfer-eligibility date in a manner inconsistent with the law in effect at the time that he committed the crime of rape. The determination of parole eligibility is solely within the province of the ADC. *Aguilar v. Lester*, 2011 Ark. 329 (per curiam). Parole eligibility is determined by the law in effect at the time the crime is committed. *Id.* Section 16-93-611, in effect at the time that appellant committed the crime of rape, states as follows:

> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to . . . rape, § 5-14-103, . . . shall not be eligible for parole until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced.

Appellant raises myriad arguments in an attempt to suggest that section 16-93-611 is not the controlling authority for calculating his transfer-eligibility date and that it is invalid and

unconstitutional. However, appellant fails to set forth any convincing argument or authority in support of his contentions Where the party fails to cite to authority or fails to provide convincing argument, we will not consider the merits of the argument. *Ventry v. State*, 2009 Ark. 300, 318 S.W.3d 576.[1]

Appellant seems to contend that pursuant to Arkansas Code Annotated section 16-93-1301 (Supp. 1995), the ADC should calculate his eligibility for transfer to the Department of Community Punishment without considering whether he has served seventy percent of his term of imprisonment. Without determining whether appellant is, in fact, even eligible for such transfer, we hold that section 16-93-611 does not allow for transfer to community punishment placement until a person, who has been found guilty of or who pleads guilty or nolo contendere to designated crimes, has served seventy percent of his sentence. Appellant urges this court to interpret section 16-93-611, as in effect at the time that he committed the offense of rape, as not requiring that he serve seventy percent of his sentence before being eligible for release to community punishment placement. He bases his argument on Act 1197 of 1997, enacted after the date that he committed the rape offense, in which the General Assembly amended section 16-93-611 to specify that a person is not eligible for "parole *or community punishment transfer*" until he has served seventy percent of his sentence. However, appellant has offered nothing to show that the General Assembly intended the seventy-percent requirement to not apply to community punishment transfer in the version of 16-93-611 in effect at the time that he committed rape.

---

[1]Appellant also mentions a variety of rules and statutes; however, he does not provide any coherent explanation or argument to support these citations such that they do not raise any argument for this court to consider on appeal.

Appellant also seems to contend that the ADC applied Arkansas Code Annotated section 16-93-611, as amended by Act 1197 of 1997, in calculating his transfer-eligibility date, thereby violating the ex post facto clause of the Arkansas and United States Constitutions. This argument is without merit. There are two critical elements that must be present for a criminal law to be ex post facto: (1) it must be retrospective, that is, it must apply to events occurring before its enactment and (2) it must disadvantage the offender affected by it. *Aguilar*, 2011 Ark. 329. The ADC applied Act 1326 of 1995, as enacted by Arkansas Code Annotated section 16-93-611, in calculating the date that appellant will be eligible for parole. Act 1326 was in effect at the time that appellant committed rape; thus, there is no violation of the ex post facto clause.

Affirmed.

*Marvin Anderson*, pro se appellant.

No response.