SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-12-82

| | |
|---|---|
| JOSEPH RITTER<br><br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | **Opinion Delivered** February 13, 2014<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT [NO. 35CV-11-643]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>AFFIRMED</u>. |

**PER CURIAM**

In 1997, appellant Joseph Ritter entered a plea of guilty in the Searcy County Circuit Court to one count of rape and one count of kidnapping. Consecutive sentences of 228 months' imprisonment and 114 months' imprisonment, respectively, were imposed. The date of the offense was February 6, 1996.

On October 26, 2011, appellant filed a pro se petition for declaratory judgment against the Director of the Arkansas Department of Correction (ADC) in the Jefferson County Circuit Court. In the petition, appellant contended that the ADC had violated his right to due process in calculating his transfer-eligibility date based on the argument that Arkansas Code Annotated section 16-93-611 (Supp. 1995) (repealed 2011) does not require that he serve seventy percent of his sentence before being eligible for community-punishment placement. The circuit court denied the petition.

On appeal, appellant contends that, pursuant to Arkansas Code Annotated section 16-93-1301 (Supp. 1995), he is eligible for transfer to community-punishment placement after serving

SLIP OPINION

one-third or one-half of his sentence, with credit for meritorious good time, because section 16-93-611, as in effect when he committed the crimes of rape and kidnapping, only requires that seventy percent of a sentence be served before a person is eligible for *parole*. Parole eligibility is determined by the law in effect at the time the crime is committed. *Garner v. Hobbs*, 2013 Ark. 439 (per curiam). Section 16-93-611, as in effect when appellant committed the offenses, stated as follows:

> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to . . . kidnapping, § 5-11-102, . . . rape, § 5-14-103, shall not be eligible for parole until the person serves seventy percent (70%) of the term of imprisonment to which he is sentenced.

We have recognized that this version of section 16-93-611 does not allow for transfer to community-punishment placement until a person who has been found guilty of, or who pleads guilty or nolo contendere to, designated crimes has served seventy percent of his sentence. *Anderson v. Hobbs*, 2013 Ark. 354 (per curiam). Appellant raises a number of arguments in an attempt to suggest that the General Assembly did not intend the seventy-percent requirement to apply to community-punishment transfer in this version of section 16-93-611. He contends that the ADC's calculation of his transfer-eligibility date based on this statute is a violation of his right to due process and that the ADC should calculate his transfer-eligibility date pursuant to section 16-93-1301. However, as in *Anderson*, appellant fails to set forth any convincing argument or authority in support of his contentions. Where a party fails to cite to authority or fails to provide convincing argument, we will not consider the merits of the argument. *Id.*; *Ventry v. State*, 2009 Ark. 300, 318 S.W.3d 576. Without determining whether appellant is, in



fact, even eligible for such transfer, we hold that section 16-93-611 is the controlling statute for calculation of appellant's transfer-eligibility date.

Affirmed.

*Joseph Ritter*, pro se appellant.

No response.