SLIP OPINION

Cite as 2014 Ark. 153



# SUPREME COURT OF ARKANSAS

No. CV-13-829

| | |
|---|---|
| EDWIN JON CRIDGE<br>APPELLANT | Opinion Delivered April 3, 2014 |
| V. | PRO SE MOTION TO FILE BELATED BRIEF [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CV-13-204] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE<br><br>APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2010, appellant Edwin Jon Cridge entered a negotiated plea of guilty in the Garland County Circuit Court to manufacturing a controlled substance (methamphetamine), and he was sentenced to 240 months' imprisonment. The date of the offense was August 8, 2009.

On April 18, 2013, appellant filed in the Jefferson County Circuit Court a pro se petition for declaratory judgment and writ of mandamus against the Director of the Arkansas Department of Correction (ADC), seeking to compel the ADC to recalculate his parole-eligibility date. The circuit court dismissed the petition, and appellant has lodged an appeal from that order. Now before us is appellant's motion to file a belated brief.

We need not address the merits of the motion because it is clear from the record that appellant could not prevail on appeal if the appeal were permitted to go forward. This court treats declaratory-judgment proceedings as applications for postconviction relief in those instances where a prisoner seeks relief from the conditions of incarceration. *Gardner v. Hobbs*,

2013 Ark. 439 (per curiam). An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam). Here, appellant failed to state a basis for declaratory judgment under Arkansas Code Annotated sections 16-111-101 to -111 (Repl. 2006). Without establishing a right to declaratory judgment, appellant provided no basis for a writ of mandamus to issue. *See Crawford v. Cashion*, 2010 Ark. 124, 361 S.W.3d 268 (per curiam). As it is clear that appellant could not prevail on appeal, the appeal is dismissed, and the motion is moot.

In his petition, appellant contended that Arkansas Code Annotated section 16-93-611 (Supp. 2009) (repealed 2011) should be declared unconstitutional as violating his right to due process and equal protection because it empowered the ADC to require him, without notice, to serve seventy percent of his sentence before being eligible for parole. He argued that the trial court, not the ADC, has the authority to "enhance" his sentence, and the trial court did not exercise its authority to do so at his sentencing.

There is no constitutional right or entitlement to parole that would invoke due-process protection. *See Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1987). Moreover, we have held that section 16-93-611 does not violate the right to equal protection, *Gardner*, 2013 Ark. 439, and appellant failed to cite any convincing authority otherwise.[1]

---

[1]In appellant's response to the appellee State's motion to dismiss the petition, he alleged for the first time that section 16-93-611 violates the protection against double jeopardy. Double jeopardy provides protection against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Cummings v. State*, 353 Ark. 618, 110 S.W.3d 272 (2003). Because the calculation of parole eligibility does not constitute a second prosecution or

SLIP OPINION

In any event, the arguments raised by appellant stem from his erroneous characterization of section 16-93-611 as an enhancement statute. Parole-eligibility determinations by the ADC do not constitute a modification of a prison sentence. *See Johnson v. State*, 2012 Ark. 212 (per curiam) (distinguishing the seeking of modification of a sentence from a request that the court direct the ADC to make an inmate eligible for parole). Section 16-93-611, in effect when appellant committed the offense, is a parole-eligibility statute that stated:

> (a)(1) Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or pleads guilty or nolo contendere to subdivisions (a)(1)(A)-(G) of this section shall not be eligible for parole or community punishment transfer, except as provided in subdivision (a)(3) or subsction (c) of this section, until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced, including a sentence prescribed under § 5-4-501:
>
> . . . .
>
> (F) Manufacture of methamphetamine, § 5-64-401(a)(1);[2]

Parole eligibility is determined by the law in effect at the time the crime is committed. *Gardner*, 2013 Ark. 329.

The determination of parole eligibility is solely within the province of the ADC. *Aquilar*

---

punishment, double jeopardy is not implicated.

[2]With respect to a person who was found guilty or pled guilty or nolo contendere to the offense of manufacturing of methamphetamine, Arkansas Code Annotated section 16-93-611 further stated that the seventy-percent provision shall include credit for the award of meritorious good time under § 12-29-201 and that it may include such credit under § 12-29-202, unless the person is sentenced to a term of life imprisonment. Ark. Code Ann. § 16-93-611(3)(A). However, the statute also provided that the time served by any such person shall not be reduced to less than fifty percent (50%) of the person's original sentence. Ark. Code Ann. § 16-93-611(3)(B). Appellant did not challenge the manner in which the ADC applied section 16-93-611 to calculate his parole-eligibility date based on the aforementioned provisions.

*v. Lester*, 2011 Ark. 329 (per curiam). This court has repeatedly held that the ADC, not the sentencing court, determines parole eligibility. *See Pitts v. Hobbs*, 2013 Ark. 457 (per curiam) (rejecting the argument that a parole-eligibility statute cannot be applied to a sentence absent some reference to the particular statute on the judgment-and-commitment order); *Stephens v. Hobbs*, 2012 Ark. 332 (per curiam) (rejecting appellant's due-process argument that a parole-eligibility statute should not apply when the jury, the court, and the appellant were unaware of the statute and did not intend for it to apply to the judgment); *Johnson*, 2012 Ark. 212 ("Parole eligibility falls clearly within the domain of the executive branch and specifically the ADC, as fixed by statute."); *Thompson v. State*, 2009 Ark. 235 (per curiam) (holding that, because determining parole eligibility is the prerogative of the ADC, the trial court would not have had authority to place conditions as to parole eligibility on the sentence announced); *see also Abdullah v. Lockhart*, 302 Ark. 506, 790 S.W.2d 440 (1990); *Fain v. State*, 286 Ark. 35, 688 S.W.2d 940 (1985). Here, appellant pled guilty to manufacturing methamphetamine, an offense referenced in section 16-93-611, and the ADC correctly applied section 16-93-611 to appellant's sentence to determine his parole-eligibility date.

Appellant further contended that the application of section 16-93-611 deprives him of his liberty interest in earning good-time credit and having his parole eligibility calculated by other statutes. However, we have held that, because meritorious good time does not apply to reduce the length of a sentence, Arkansas has not created a liberty interest in good time under the constitutional analysis in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Gardner*, 2013 Ark. 439; *McKinnon v. Norm*, 366 Ark. 404, 231 S.W.3d 725 (2006) (per curiam). To the extent that

SLIP OPINION

appellant raised the argument that section 16-93-611 conflicted with existing statutes, we have also held that the reconciliation of section 16-93-611 with statutes addressing good-time credit and transfer eligibility is easily accomplished because section 16-93-611 included specific language stating that it is an exception to other statutes that provide for the award of meritorious good time or conflict with its provisions. *Gardner*, 2013 Ark. 439.

Appeal dismissed; motion moot.

*Edwin Jon Cridge*, pro se appellant.

No response.