

Cite as 2014 Ark. 395

# SUPREME COURT OF ARKANSAS

No. CV-13-763

| | |
|---|---|
| CONRAY CARROLL<br>**APPELLANT**<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>**APPELLEE** | Opinion Delivered September 25, 2014<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-13-279]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 1997, judgment was entered reflecting that appellant Conray Carroll had entered a plea of guilty to rape for which he was sentenced as a habitual offender to 720 months' imprisonment. In 2013, appellant filed in the Jefferson County Circuit Court a pro se petition for declaratory judgment and for writ of mandamus against the Director of the Arkansas Department of Correction ("ADC"), in whose custody appellant was being held. The circuit court dismissed the petition, and appellant brings this appeal from the order.[1]

We review the action of the circuit court de novo, and we will uphold the circuit court's decision in a declaratory judgment and mandamus action unless it is clearly erroneous. *See*

---

[1]This court will consider only those issues raised below. If an issue was not raised in the petition, or if the support for an issue was not included in the petition, the trial court did not have the opportunity to rule on the issue or to consider the grounds advanced in support of the issue, and this court will not consider issues on which there was no ruling below or arguments in support of a claim that are advanced for the first time on appeal. *See Girley v. Hobbs*, 2014 Ark. 325, ___ S.W.3d ___ (per curiam).

SLIP OPINION

*Crawford v. Cashion*, 2010 Ark. 124, 361 S.W.3d 268 (per curiam).

Appellant argued in the petition that the application of Arkansas Code Annotated section 16-93-611 (Supp. 1995) to his sentence was an unconstitutional "sentence enhancement" illegally applied by the ADC without a court order. The judgment-and-commitment order in appellant's case reflects that he was sentenced as a habitual offender under Arkansas Code Annotated section 5-4-501(c). His sentence is also subject to the provisions of Arkansas Code Annotated section 16-93-611(a)(1), whereby he is required to serve at least seventy percent of his sentence before being eligible for parole or transfer, and which states that the seventy-percent requirement applies notwithstanding any law allowing the award of meritorious good time or any law to the contrary. His eligibility for parole was determined by the law in effect at the time the offense was committed in 1996. *See Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 201 (2000).

The purpose of the declaratory-judgment statutory scheme is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *McCutchen v. City of Ft. Smith*, 2012 Ark. 452, 425 S.W.3d 671. This court has held that there are four requisite conditions before declaratory relief may be granted: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking relief must have a legal interest in the controversy; (4) the issue involved in the controversy must be ripe for judicial determination. *Ark. Dep't of Human Servs. v. Ross-Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986). Here, appellant failed to state a basis for declaratory judgment under Arkansas Code Annotated sections 16-111-101 to -111 (Repl. 2006). Without establishing a right to declaratory judgment, appellant provided no basis for a writ of mandamus

SLIP OPINION

to issue. *Cridge v. Hobbs*, 2014 Ark. 153 (per curiam); *see also Crawford*, 2010 Ark. 124, 361 S.W.3d 268. The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Banks v. Hobbs*, 2013 Ark. 377 (per curiam). A writ of mandamus is issued by this court only to compel an official or a judge to take some action, and, when requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Id.* A writ of mandamus will not lie to control or review matters of discretion. *Id.*; *see also Aguilar v. Lester*, 2011 Ark. 329 (per curiam).

Appellant argues that the appellee has denied him due process of law by applying the statutes at issue to his case. There is, however, no constitutional right or entitlement to parole that would invoke due-process protection. *Cridge*, 2014 Ark. 153; *see also Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1987). Moreover, we have held that section 16-93-611 does not violate the right to equal protection, *see Gardner v. Hobbs*, 2013 Ark. 439 (per curiam), and appellant has failed to cite any convincing authority otherwise.

As to appellant's contention that a trial court order was required before the ADC could apply certain statutes to appellant's parole-eligibility status, parole eligibility is not within the purview of the trial court. *See Mitchem v. Hobbs*, 2014 Ark. 233 (per curiam) (citing *Thompson v. State*, 2009 Ark. 235 (per curiam) (holding that, because determining parole eligibility is the prerogative of the ADC, the trial court would not have had authority to place conditions as to parole eligibility on the sentence pronounced).

The arguments raised by appellant in his petition and in this appeal stem primarily from his erroneous characterization of section 16-93-611 as an enhancement statute. Parole-eligibility

3

SLIP OPINION

determinations by the ADC do not constitute a modification of a prison sentence. *Cridge*, 2014 Ark. 153. The determination of parole eligibility is solely within the province of the ADC. *Aguilar*, 2011 Ark. 329. This court has repeatedly held that the ADC, not the sentencing court, determines parole eligibility. *See Pitts v. Hobbs*, 2013 Ark. 457 (per curiam) (rejecting the argument that a parole-eligibility statute cannot be applied to a sentence absent some reference to the particular statute on the judgment-and-commitment order); *Stephens v. Hobbs*, 2012 Ark. 332 (per curiam) (rejecting appellant's due-process argument that a parole-eligibility statute should not apply when the jury, the court, and the appellant were unaware of the statute and did not intend for it to apply to the judgment); *Johnson v. State*, 2012 Ark. 212 (per curiam) (holding that parole eligibility falls clearly within the domain of the executive branch and specifically the ADC, as fixed by statute); *Thompson v. State*, 2009 Ark. 235 (per curiam) (holding that, because determining parole eligibility is the prerogative of the ADC, the trial court would not have had authority to place conditions as to parole eligibility on the sentence announced); *see also Abdullah v. Lockhart*, 302 Ark. 506, 790 S.W.2d 440 (1990); *Fain v. State*, 286 Ark. 35, 688 S.W.2d 940 (1985).

Here, appellant pled guilty to rape committed in 1996, an offense referenced in section 16-93-611, and the ADC correctly applied section 16-93-611 to appellant's sentence to determine his parole-eligibility date. Section 16-93-611, in effect when appellant committed the offenses, stated as follows:

> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to . . . rape, § 5-14-103, shall not be eligible for parole until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced.

We have recognized that this version of section 16-93-611 does not allow for parole or transfer until a person who has been found guilty of, or who pleads guilty or nolo contendere to, designated crimes has served seventy percent of his sentence. *Ritter v. Hobbs*, 2014 Ark. 68 (per curiam); *Anderson v. Hobbs*, 2013 Ark. 354 (per curiam).

Appellant also asserts that it was error for him to be subjected to two statutes governing parole eligibility. He argues that either the 100-percent requirement of section 5-4-501(c) or the 70-percent requirement of section 16-93-611(a)(1) must apply to him. He argues for the application of section 5-4-501(c), presumably because it would require him to serve his sentence until he reached the age of fifty-five before being eligible for parole, which would be more favorable to him.[2]

Appellant was sentenced under the provisions of Acts 1009 and 1101 of 1995, codified at section 5-4-501(c). Under the statute, rape is one of the felonies enumerated by section 5-14-103 as a serious felony involving violence. However, the provision of section 5-4-501(c) denying parole or transfer eligibility to the defendant convicted of a serious felony involving violence was abrogated by section 16-93-1302(f) (Supp. 1995), which stated that inmates sentenced under the provisions of section 5-4-501(c) or 5-4-501(d) for serious violent felonies may be considered eligible for parole or community-punishment transfer upon reaching regular parole or transfer eligibility, but only after reaching a minimum age of fifty-five. As stated, appellant's sentence

---

[2]Appellant cites an opinion issued by the Arkansas Attorney General as support for the assertion, but such opinions are not binding precedent. *See Ark. Prof'l. Bailbondsman Licensing Bd. v. Oudin*, 348 Ark. 48, 69 S.W.3d 855 (2002); *see also Thompson v. Hall*, 2012 Ark. 66, 359 S.W.3d 387.

was also subject to section 16-93-611(a)(1) which required him to serve seventy percent of his sentence.

Appellant's contention that only one statute can apply to his parole eligibility is not well founded. The applicable provision of section 16-93-611(a)(1) (Act 1326 of 1995) was enacted after the applicable provisions of sections 5-4-501(c) and 16-93-1302(f) in the same legislative session, and the legislature is presumed to have been aware of the prior Acts from that same legislative session. *See Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179. Section 16-93-611(a)(1) specifically provides that the seventy-percent requirement applies to rape convictions notwithstanding any law allowing the award of meritorious good time or any other law to the contrary. Accordingly, the provision applies to the "regular parole or transfer eligibility" referred to in section 16-93-1302(f) for a person convicted of rape and sentenced under section 5-4-501(c). As further indication of legislative intent, section 16-93-611 was amended in 1997 by Act 1197 to clarify that the seventy-percent requirement did apply to a sentence prescribed under section 5-4-501(c). *See Rosario v. State*, 319 Ark. 764, 874 S.W.2d 888 (1995) (clarification made by subsequent amendment may indicate legislative intent). Statutes relating to the same subject should be read in a harmonious manner if possible. *Gardner*, 2013 Ark. 439. All legislative acts relating to the same subject matter are said to be *in pari materia* and must be construed together and made to stand if they are capable of being reconciled. *Id.* (citing *Hobbs v. Baird*, 2011 Ark. 261); *Sesley v. State*, 2011 Ark. 104, 380 S.W.3d 390. Repeals by implication are strongly disfavored by the law, and a statute will be impliedly repealed in Arkansas only when two enactments cannot stand together. *Cox v. State*, 365 Ark. 358, 229 S.W.3d 883 (2006).

Repeal by implication is recognized in only two situations: (1) where the statutes are in irreconcilable conflict, and (2) where the legislature takes up the whole subject anew, covering the entire subject matter of the earlier statute and adding provisions clearly showing that it was intended as a substitute for the former provision. *Gardner*, 2013 Ark. 439 (citing *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347(2002)). Appellant did not demonstrate that both the statutory provisions requiring him to be fifty-five years of age and also to have served seventy percent of his sentence should not have been applied to his parole or transfer eligibility or that he was entitled to any relief by means of a declaratory judgment or a writ of mandamus on any ground raised in his petition.

Affirmed.

*Conray Carroll*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.