SLIP OPINION

Cite as 2014 Ark. 489

# SUPREME COURT OF ARKANSAS

No. CV-14-482

| | |
|---|---|
| ELIAS CUATEPOTZO **APPELLANT** | **Opinion Delivered** November 20, 2014 |
| V. | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-14-18] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION **APPELLEE** | HONORABLE JODI RAINES DENNIS, JUDGE |
| | AFFIRMED. |

**PER CURIAM**

In 2012, an amended judgment was entered reflecting that appellant Elias Cuatepotzo had entered a plea of nolo contendere to rape and residential burglary for which he was sentenced to serve an aggregate sentence of 180 months' imprisonment.[1] In 2014, appellant filed in the Jefferson County Circuit Court a pro se petition for declaratory judgment and for writ of mandamus against the Director of the Arkansas Department of Correction ("ADC"), in whose custody appellant is being held, concerning appellant's eligibility for parole. The circuit court dismissed the petition, and appellant brings this appeal from the order.[2] We review the action

---

[1]Appellant also entered a plea of nolo contendere in the same proceeding to a misdemeanor charge of domestic battering in the third degree.

[2]This court will consider only those issues raised below. If an issue was not raised in the petition, or if the support for an issue was not included in the petition, the trial court did not have the opportunity to rule on the issue or to consider the grounds advanced in support of the issue, and this court will not consider issues on which there was no ruling below or arguments in support of a claim that are advanced for the first time on appeal. *See Girley v. Hobbs*, 2014 Ark. 325, ___ S.W.3d ___ (per curiam).

of the circuit court de novo, and we will uphold the circuit court's decision in a declaratory judgment and mandamus action unless it is clearly erroneous. *Carroll v. Hobbs*, 2014 Ark. 395, ___ S.W.3d ___ (per curiam).

Appellant's eligibility for parole was determined by the law in effect at the time his offenses were committed in 2007. *Id.* Under the provisions of Arkansas Code Annotated section 16-93-611(a)(1) (Repl. 2006) as in effect at the time appellant committed the offenses, he was required to serve at least seventy percent of the 180-month sentence before being eligible for parole or transfer. The seventy-percent requirement applies notwithstanding any law allowing the award of meritorious good time or any law to the contrary. *See Gardner v. Hobbs*, 2013 Ark. 439 (per curiam).

Appellant argued in the petition that the application of section 16-93-611(a)(1) to his sentence was an unconstitutional "sentence enhancement" illegally applied by the ADC without a court order, that he was denied due process of law by the application of the statute without notice, and that the ADC usurped the power of the judiciary by modifying his sentence.

The purpose of the declaratory-judgment statutory scheme is to settle and to afford relief from uncertainty and insecurity with respect to rights, statutes, and other legal relations. *McCutchen v. City of Ft. Smith*, 2012 Ark. 452, 425 S.W.3d 671. This court has held that there are four requisite conditions before declaratory relief may be granted: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking relief must have a legal interest in the controversy; (4) the issue involved in the controversy must be ripe for judicial determination. *Ark. Dep't of Human Servs. v. Ross-*

*Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986). Here, appellant failed to state a basis for declaratory judgment under Arkansas Code Annotated sections 16-111-101 to -111 (Repl. 2006). Without establishing a right to declaratory judgment, appellant provided no basis for a writ of mandamus to issue. *Cridge v. Hobbs*, 2014 Ark. 153 (per curiam). The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Banks v. Hobbs*, 2013 Ark. 377 (per curiam). A writ of mandamus is issued by this court only to compel an official or a judge to take some action, and, when requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Id.* A writ of mandamus will not lie to control or review matters of discretion. *Id.*; *see also Aguilar v. Lester*, 2011 Ark. 329 (per curiam).

With respect to appellant's argument that the appellee has denied him due process of law by applying the statute at issue to his case, there is no constitutional right or entitlement to parole that would invoke due-process protection. *Cridge*, 2014 Ark. 153; *see also  Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1987). Moreover, we have held that section 16-93-611 does not violate the right to equal protection, *see Gardner*, 2013 Ark. 439, and appellant has failed to cite any convincing authority otherwise.

As to appellant's contention that a trial court order was required before the ADC could apply certain statutes to appellant's parole-eligibility status, parole eligibility is not within the purview of the trial court. *See Mitchem v. Hobbs*, 2014 Ark. 233 (per curiam) (citing *Thompson v. State*, 2009 Ark. 235 (per curiam)) (holding that, because determining parole eligibility is the prerogative of the ADC, the trial court would not have had authority to place conditions as to

SLIP OPINION

parole eligibility on the sentence pronounced).

The arguments raised by appellant in his petition and in this appeal stem primarily from his erroneous characterization of section 16-93-611 as an enhancement statute. Parole-eligibility determinations by the ADC do not constitute a modification of a prison sentence. *Cridge*, 2014 Ark. 153. The determination of parole eligibility is solely within the province of the ADC. *Aguilar*, 2011 Ark. 329. This court has repeatedly held that the ADC, not the sentencing court, determines parole eligibility. *See Pitts v. Hobbs*, 2013 Ark. 457 (per curiam) (rejecting the argument that a parole-eligibility statute cannot be applied to a sentence absent some reference to the particular statute on the judgment-and-commitment order); *Stephens v. Hobbs*, 2012 Ark. 332 (per curiam) (rejecting appellant's due-process argument that a parole-eligibility statute should not apply when the jury, the court, and the appellant were unaware of the statute and did not intend for it to apply to the judgment); *Johnson v. State*, 2012 Ark. 212 (per curiam) (holding that parole eligibility falls clearly within the domain of the executive branch and specifically the ADC, as fixed by statute); *Thompson v. State*, 2009 Ark. 235 (per curiam) (holding that, because determining parole eligibility is the prerogative of the ADC, the trial court would not have had authority to place conditions as to parole eligibility on the sentence announced); *see also Abdullah v. Lockhart*, 302 Ark. 506, 790 S.W.2d 440 (1990); *Fain v. State*, 286 Ark. 35, 688 S.W.2d 940 (1985).

Here, appellant pled nolo contendere to rape committed in 2007, and the ADC, in accordance with section 16-93-611, applied the statute to appellant's sentence to determine his parole-eligibility date. Section 16-93-611, in effect when appellant committed the offenses,

provided that any person who is found guilty of, or who pleads guilty or nolo contendere to, rape shall not be eligible for parole until the person serves seventy percent of the term of imprisonment to which the person is sentenced. We have specifically recognized that the statute does not allow for parole or transfer until a person who has been found guilty of, or who pleads guilty or nolo contendere to, designated crimes has served seventy percent of his sentence. *Ritter v. Hobbs*, 2014 Ark. 68 (per curiam); *Anderson v. Hobbs*, 2013 Ark. 354 (per curiam).

Finally, appellant contended that section 16-93-611 should not have been applied to his sentence by the ADC because the face of the judgment did not cite the statute. We rejected this argument in *Pitts v. Hobbs*, 2013 Ark. 457 (per curiam) (The parole-eligibility statute may be applied to a sentence absent some reference to the particular statute on the judgment-and-commitment order.).

Inasmuch as none of the claims for relief raised in appellant's petition demonstrated that he was entitled to any relief by means of a declaratory judgment or a writ of mandamus, the circuit court did not err in declining to grant the relief sought. The order is affirmed.

Affirmed.

*Elias Cuatepotzo*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.