Rhonda K. Wood, Justice, dissenting. The majority reverses this case because “the failure to hold a hearing prior to Neal’s expulsion from the drug-court program amounted to a due process violation.” I dissent because Neal is not entitled to the relief sought. I agree with the majority that Neal did not waive his future due-process rights at the time of his plea entry. However, there is a fundamental misunderstanding regarding the roles of the Arkansas Department of Community Correction (ADCC) residential substance-abuse program and the Saline County Drug Court program, both of which expelled Neal. The confusion arises from the fact that, according to the circuit court, Neal was “dismissed from the 90-day [substance abuse] program at the Arkansas Department of Correction which was 121a requirement of his participation in drug court.”[1] Neal’s sentence was imposed for failing to complete the residential program, which was a condition of the Saline County Drug Court program. The majority states, “Neal was allegedly expelled from the drug-court program for horseplaying.” However, Neal was dismissed from the ADCC residential program, not the Saline County Drug Court program, for “horseplay.” The majority uses “horseplay” to suggest that somehow the ADCC expulsion was for a minor reason, however, as the circuit court stated, “his failure to complete the program at the Arkansas Department of Correction was the first that this Court had ever heard of’ (emphasis added). The majority further states “it is unclear to this court precisely how the decision to expel Neal from the drug-court program was made or on what basis.” However, the circuit court explained the reason for its decision at the hearing, in its letter to counsel on the Rule 37 petition, and in the order denying the Rule 37 petition. Neal was expelled from the Saline County Drug Court program for failing to complete the ADCC residential program and the court’s finding that Neal was “not fit for this program” because he did not want “to do the things to get through this program.”[2] The Arkansas Drug Court Act created a mixture of judicial and executive authority for drug-court programs. The legislature recognized that “[d]rug court programs may require 12aa separate judicial processing system differing in practice and design from the traditional adversarial criminal prosecution and trial systems.” Ark.Code Ann. § 16-98-303(d)(l). Under the Act, the ADCC shall provide “intensive short-term and long-term residential treatment for drug court program participants.” Ark.Code Ann. § 16-98-303(b)(2)(A)(v). The majority appears to misunderstand the distinction between drug-court programs and the services and treatments within the programs. ADCC. has discretion over its programs and ultimately whether a participant should be expelled from its residential program. “[We]’ have consistently declined to dictate the operation of the Arkansas Department of Community Correction except in circumstances where the appellant asserts an infringement upon constitutional rights.” Smith v. May, 2013 Ark. 248, at 4 (per curiam). We have refused to find a constitutional right to participate in specific correction programs, See id, (holding an inmate had no right to participation in ADCC hobby-craft program). Likewise, we have refused to weigh in on the ADCC’s decision concerning parole eligibility, although I am not suggesting Neal is in a similar position as a parolee. Carroll v. Hobbs, 2014 Ark. 395, 442 S.W.3d 834 (per curiam); Johnson v. State, 2012 Ark. 212. These types of decisions are-in the province of the executive branch. See Johnson, 2012 Ark. 212, at 3. Neal’s continued participation in the residential program was a decision of the ADCC, As the circuit court explained in sentencing Neal, “the process of ADCC punishment and ADCC inter-workings is not something I have any control over,” Accordingly, as with parolees, it is not for this court to decide whether Neal should have been allowed to continue in the ADCC residential substance-abuse program. However, | ^Neal did have minimal due-process rights prior to expulsion from the Saline County Drug Court program and imposition of the sentence, which had been held in abeyance.' Again, these are important distinctions, and the circuit court explained this in its letter opinion. It stated, “Mr. Neal admitted in open court that he was sanctioned and did not comply with the rules of the 90-day program from which he was expelled. The drug court really had no other option but to impose the sentence." Because the ADCC residential-treatment program was a “requirement” of the Saline County Drug Court program and Neal was expelled from it and because the circuit court found that Neal was not willing to work the drug-court program, the circuit court imposed his predetermined sentence.' Finally, the majority cites State v. LaPlaca to support its holding that Neal ought to receive another hearing concerning his drug-court program expulsion. 162 N.H. 174, 27 A.3d 719 (2011). LaPlaca also considered the waiver issue and held that the “waiver, however, did not relieve the State of its burden to prove, by a preponderance of the evidence, that he violated the conditions of his suspended sentence.” Id. at 725. LaPlaca stands for the proposition that a participant cannot prospectively waive due process and is entitled to due process at the' point of imposing a suspended sentence, and that due process is whether the participant violated a condition of the suspended sentence, which the burden is on the State to prove. Neal admitted he failed to complete the residential program, which was a condition of the Saline County Drug Court program. Therefore, the preponderance of the evidence showed he violated a condition and the circuit court imposed a sentence that was - within its authority and discretion. This is no different than a defendant on probation, who appears for |Mhis revocation hearing and admits he violated a term of his probation. The. majority appears to agree that Neal is in a similar situation. Consequently, I am uncertain what relief the majority intends to offer Neal. According to- the majority, Neal is entitled to a hearing “to establish whether Neal should be expelled from the drug-court program.” I assume the majority means expulsion from the Saline County Drug Court program and not the expulsion from the ADCC residential facility, but it is unclear. If the majority intends to follow LaPlaca, then it is remanding for a hearing to determine by a preponderance of the evidence whether Neal violated a condition of the Saline County Drug Court program. Neal already had that hearing and we already have that answer because Neal admitted to it. He violated rules of his residential program, which resulted in his failure to complete the residential program. It is also important to note that this is a Rule 37 Petition and as the circuit court noted in his order denying relief, “Here the petitioner does not contest the facts that led to his expulsion from drug court. He makes no claim that there were witnesses or evidence which, if presented to the Court would have disputed his cause for expulsion from the program. He does not set forth any action that Pete Lancaster could have taken which would have prevented his expulsion from Drug Court.” This finding was not clearly erroneous. In addition, at the hearing imposing the sentence, the circuit court’s finding that Neal failed to complete the Saline County Drug Court program’s condition, and the court’s finding that Neal was unwilling to work the court-involved program were not clearly erroneous. Neal had due process and had the hearing for which the majority remands. For these reasons, I dissent. | afiBrill, C.J., and Danielson, J., join. . There are not "drug courts,"' but rather, "drug-court programs.” The shortened version leads to a lot of misunderstanding. See Ark.Code Ann. §§ 16-98-301 etseq. . The majority also contends, "the decision to expel Neal from the drug-court program had already been made, outside of Neal’s presence.” It presumably is referring to Neal’s expulsion from the ADCC residential substance-abuse program, not the actual court-involved drug-court program.