Cite as 2025 Ark. 67
# SUPREME COURT OF ARKANSAS
No. CV-24-459

| | |
|---|---|
| DREW ROBINSON | Opinion Delivered: May 8, 2025 |
| APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-24-1012] |
| V. | |
| JOHN FELTS, CHAIRMAN OF THE ARKANSAS PAROLE BOARD | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| APPELLEE | AFFIRMED. |

**NICHOLAS J. BRONNI, Associate Justice**

Drew Robinson, an inmate seeking parole, appeals from the circuit court's denial of his petition for declaratory and mandamus relief. The circuit court dismissed the petition without prejudice because Robinson failed to state a claim and join necessary parties. We affirm, which converts his previous dismissal to a dismissal with prejudice.

The relevant facts are solely procedural. Robinson is serving a 20-year sentence for a 2005 robbery and a six-year sentence for possessing a firearm in 2019. He was denied parole four times between March 2020 and November 2023. Most recently, the Arkansas Post-Prison Transfer Board denied Robinson parole due to the nature and seriousness of his crime, his prior criminal history, his previous release history, and his institutional record. Robinson challenged that decision and petitioned the circuit court for declaratory and mandamus relief against John Felts, then-chairman of the Board. Felts moved to dismiss the petition claiming sovereign immunity, lack of a justiciable controversy, and quasi-judicial immunity. The circuit court granted that motion to dismiss on April 29, 2024, and this appeal followed.

When a complaint is dismissed without prejudice, the plaintiff has two choices: plead further or appeal. *Hollingsworth v. First Nat'l Bank & Tr. Co. of Rogers*, 311 Ark. 637, 641, 846 S.W.2d 176, 179 (1993). If the plaintiff chooses the latter option, the plaintiff waives the right to plead further, and we consider that dismissal without prejudice to be an appealable order. *See id.*; *Orr v. Hudson*, 2010 Ark. 484, at 6–7, 374 S.W.3d 686, 691. If affirmed, the dismissal changes from a dismissal without prejudice to one with prejudice. *See Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 613, 210 S.W.3d 101, 112–13 (2005). Because Robinson chose to appeal, we treat the circuit court's dismissal without prejudice as an appealable order.

The circuit court's order dismissed Robinson's claim "for the failure to join necessary and indispensable parties and for failure to plead sufficient facts necessary to support a cause of action for declaratory judgment." That decision was correct under any standard of review. Nothing in the parole procedures or statutes suggests that Felts could unilaterally call a new hearing and effectuate the declaratory relief sought without approval from the unnamed Board members. *See Trammel v. Payne*, 2023 Ark. 177, at 4, 679 S.W.3d 353, 356–57 (finding lack of a justiciable controversy to afford declaratory relief when the named defendant had no authority to effectuate relief).

Absent Robinson establishing a right to declaratory relief, Robinson has no basis entitling him to a writ of mandamus. *See Carroll v. Hobbs*, 2014 Ark. 395, at 2–3, 442 S.W.3d 834, 836. Robinson, therefore, is not entitled to the relief sought.

Affirmed.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** The proper disposition of this case is to reverse and dismiss pursuant to Article 5, section 20 of the Arkansas Constitution.[1] Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2] Here, Robinson improperly made the State a defendant when he petitioned for mandamus and declaratory relief in a new civil action below, 60CV-24-1012.[3] Instead, he should have petitioned in one of his underlying criminal cases, CR-2006-05, CR-2006-22, CR-2018-95 or CR-2019-1140. Accordingly, this court, like the circuit court below, lacks jurisdiction. For these reasons, the circuit court's order must be reversed and the case dismissed.

*Drew Robinson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Julius J. Gerard*, Ass't Att'y Gen., for appellee.

---

[1] *See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2] *Id.*

[3] *See Perry v. Payne*, 2022 Ark. 112, at 5, 2022 WL 1674752 (Womack, J., dissenting) (stating Article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).