Ronnie Drew JOHNSON *v.* STATE of Arkansas

98-1123                                    12 S.W.3d 203

Supreme Court of Arkansas
Opinion delivered February 17, 2000

*Appellant,* pro se.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Ass't Att'y Gen., for appellee.

PER CURIAM. In 1984, Ronnie Drew Johnson pleaded guilty to first-degree murder, aggravated robbery, theft of property, and felon in possession of a firearm. In another case, he pleaded guilty to robbery. His aggregate sentence for all of these offenses is forty years in the Department of Correction. Johnson had also been convicted of aggravated robbery in 1977.

In 1998, Johnson filed a petition for declaratory judgment and a writ of mandamus, alleging that the Department of Correction was using an invalid prior conviction to compute his parole eligibility. Specifically, Johnson alleged that his 1977 aggravated-robbery conviction was invalid because he was a juvenile tried as an adult in circuit court without benefit of a transfer hearing. The trial court denied Johnson's petition because he did not state a cognizable ground for declaratory relief or mandamus. The court found that "[p]etitioner is trying to collaterally attack a prior juvenile conviction through a petition for writ of mandamus and declaratory

judgment on a later conviction. This is not a cognizable claim. Whether a hearing was held, prior to his being tried as an adult in 1977, is not a claim that can be addressed in this petition." Johnson, proceeding *pro se*, now assigns error to the court's finding regarding the cognizability of his claim. We affirm.

In *St. John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985), we held that in determining parole eligibility, a state need not look behind a valid judgment of conviction. Johnson's petition did not allege that the judgment of conviction that was entered in 1977 was facially invalid. Rather, he argued that the Department of Correction should look beyond the judgment and make a determination of whether his due process rights were violated when a transfer hearing was not held.

Johnson cites *Abdullah v. Lockhart*, 302 Ark. 506, 790 S.W.2d 440 (1990), to support his argument that his petition did raise a cognizable ground for relief. In that case, Abdullah filed a petition for declaratory relief and a writ of mandamus alleging that the Department of Correction used invalid prior convictions to compute his parole eligibility. Specifically, Abdullah alleged that he was not represented by counsel. We noted that the certified copies of the judgments from those cases did not show whether Abdullah was represented by counsel. We concluded, however, that other documents indicated that Abdullah either did have an attorney or waived his right to an attorney in the previous convictions. Accordingly, we affirmed the lower court's denial of declaratory and mandamus relief.[1]

Johnson apparently relies on the fact that we addressed Abdullah's constitutional claim as authority to support his argument that a petition for declaratory judgment is the proper means to attack the 1977 conviction on the basis that he was denied a transfer hearing. *Abdullah* can be distinguished, however, because the petitioner in that case alleged that the certified copies of the judgments from the prior convictions did not indicate that he was represented by counsel, or that he had waived that right.

---

[1] The United States District Court for the Eastern District of Arkansas later found that the record did not support that Abdullah received effective assistance of counsel in two of his prior convictions, and it granted Abdullah's petition for a writ of habeas corpus. *Abdullah v. Lockhart*, 780 F.Supp. 1221 (E.D. Ark. 1991).

In this case, Johnson's petition did not raise an issue about the facial validity of the 1977 conviction. Consequently, he did not state a cognizable ground for relief in his petition for declaratory judgment and a writ of mandamus.

Affirmed.