

# SUPREME COURT OF ARKANSAS

**No.** CV-13-1098

| | |
|---|---|
| ROBERT MITCHEM<br><br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION; M.D. REED, WARDEN, OUACHITA RIVER CORRECTIONAL UNIT; JOHN FELTS, CHAIRMAN, ARKANSAS PAROLE BOARD; ABRAHAM CARPENTER, VICE CHAIRMAN, ARKANSAS PAROLE BOARD; CAROLYN ROBINSON, COMMISSIONER, ARKANSAS PAROLE BOARD; JOSEPH PEACOCK, COMMISSIONER, ARKANSAS PAROLE BOARD; JIMMY WALLACE, COMMISSIONER, ARKANSAS PAROLE BOARD; DUANE VANDIVER, COMMISSIONER, ARKANSAS PAROLE BOARD; RICHARD BROWN, JR., COMMISSIONER, ARKANSAS PAROLE BOARD<br><br>APPELLEES | **Opinion Delivered** May 15, 2014<br><br>PRO SE MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF,<br>[JEFFERSON COUNTY CIRCUIT COURT, NO. 35CV-13-355]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>APPEAL DISMISSED; MOTION MOOT.</u> |

## PER CURIAM

In 2013, appellant Robert Mitchem filed in the Jefferson County Circuit Court a pro se petition for declaratory judgment against the Director of the Arkansas Department of Correction ("ADC"), in whose custody appellant was held, a prison warden, and members of the parole board, alleging that he had been wrongfully denied release from custody or transfer from the

ADC to the Arkansas Community Corrections ("ACC"). The petition was dismissed on the appellees' motion, and appellant lodged an appeal from the order in this court. Now before us is appellant's motion for extension of time to file his brief. As it is clear from the record that appellant could not prevail on appeal, the appeal is dismissed. The motion is moot. This court treats declaratory-judgment proceedings as applications for postconviction relief in those instances where a prisoner seeks relief from the conditions of incarceration. *Cridge v. Hobbs*, 2014 Ark. 153 (per curiam); *Gardner v. Hobbs*, 2013 Ark. 439 (per curiam). An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Cridge*, 2014 Ark. 153.

In 2004, appellant was found guilty by a jury of attempted rape and kidnapping and sentenced to an aggregate term of 240 months' imprisonment. The Arkansas Court of Appeals affirmed. *Mitchem v. State*, 96 Ark. App. 78, 238 S.W.3d 623 (2006).

The Arkansas Parole Board required that appellant complete the Reduction of Sexual Victimization Program ("RSVP") before being eligible for parole or transfer to the less-restrictive custody of the ACC. Appellant argued in the petition for declaratory judgment that the circuit court should order the director of the ADC and the parole board to make him immediately eligible for parole or transfer to the ACC on the ground that it was a violation of his right to due process and other constitutional rights to be held in the ADC.

In reviewing the circuit court's decision on a motion to dismiss under Arkansas Rule of Civil Procedure 12(b)(6) (2013), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *See Ark. Tech Univ. v. Link*, 341

Ark. 495, 17 S.W.3d 809 (2000). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *See id.* However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *See id.*

We find that appellant's suit was barred by sovereign immunity under article 5, section 20, of the Arkansas Constitution. Because sovereign immunity is jurisdictional immunity from suit, jurisdiction must be determined entirely from the pleadings. *Bd. of Tr. v. Burcham*, 2014 Ark. 61. Article 5, section 20, of the Arkansas Constitution provides that the State of Arkansas shall never be made a defendant in any of her courts. *Id.* We have extended the doctrine of sovereign immunity to include state agencies. *Id.*

When the pleadings show that the action is, in effect, one against the State, the circuit court acquires no jurisdiction. *Id.* A suit against a state official in his or her official capacity is not a suit against that person, but rather is a suit against that official's office. *Brown v. Ark. State HVACR Lic. Bd.,* 336 Ark. 34, 984 S.W.2d 402 (1999). In determining whether the doctrine of sovereign immunity applies, the court must decide if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. *Burcham*, 2014 Ark. 61. If so, the suit is one against the State and is barred by the doctrine of sovereign immunity, unless an exception to sovereign immunity applies. *Ark. Dep't of Cmty. Corr. v. City of Pine Bluff*, 2013 Ark. 36, ___ S.W.3d ___.

This court has recognized three ways in which a claim of sovereign immunity may be surmounted: when the State is the moving party seeking specific relief, when an act of the

legislature has created a specific waiver of sovereign immunity, and when the state agency is acting illegally or if a state-agency officer refuses to do a purely ministerial action required by statute. *Id.* Additionally, a state agency may be enjoined if it can be shown that the pending action of the agency is ultra vires or without the authority of the agency, or that the agency is about to act in bad faith, arbitrarily, capriciously, and in a wantonly injurious manner. *See Burcham*, 2014 Ark. 61. None of the exceptions are applicable to the instant case. Appellant's petition was clearly intended to control the actions of the director of the ADC and the parole board members, and he made no showing that sovereign immunity should not apply to those parties.

In addition to appellant's cause of action being barred by sovereign immunity, appellant failed to state a basis for declaratory judgment under Arkansas Code Annotated sections 16-111-101 to -111 (Repl. 2006). We have held that a criminal defendant may not use a declaratory-judgment action or a suit for an extraordinary writ for the purpose of challenging a criminal conviction, sentence, or parole eligibility. *Manning v. Norris*, 2011 Ark. 439 (per curiam); *see also Johnson v. State*, 340 Ark. 413, 12 S.W.3d 203 (2000). There is no constitutional right or entitlement to parole that would invoke due-process protection. *Cridge*, 2014 Ark. 153; *see also Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1987). The determination of parole eligibility is solely within the province of the ADC, as fixed by statute. *Cridge*, 2014 Ark. 153; *Aquilar v. Lester*, 2011 Ark. 329 (per curiam); *Thompson v. State*, 2009 Ark. 235 (per curiam) (holding that, because determining parole eligibility is the prerogative of the ADC, the trial court would not have had authority to place conditions as to parole eligibility on the sentence

SLIP OPINION

announced); *see also Abdullah v. Lockhart*, 302 Ark. 506, 790 S.W.2d 440 (1990); *Fain v. State*, 286 Ark. 35, 688 S.W.2d 940 (1985).

Appellant's petition also failed to satisfy the prerequisites for a declaratory-judgment action. When reviewing a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *See Biedenharn v. Thicksten*, 361 Ark. 438, 206 S.W.3d 837 (2005). "In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief." *Id.* at 441, 206 S.W.3d at 840 (citations omitted). Our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Doe v. Weiss*, 2010 Ark. 150. There was no abuse of discretion in the instant matter.

The purpose of the declaratory-judgment statutory scheme is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *McCutchen v. City of Ft. Smith*, 2012 Ark. 452, ___ S.W.3d ___. This court has held that there are four requisite conditions before declaratory relief may be granted: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking relief must have a legal interest in the controversy; (4) the issue involved in the controversy must be ripe for judicial determination. *Ark. Dep't of Human Servs. v. Ross-Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986). Here, appellant had no justiciable claim against the Director of the ADC or the parole board. The legal rights as between appellant and the ADC have already been established in that appellant was an inmate subject to the rules and



regulations promulgated by the ADC.  *See McKinnon v. Norris*, 366 Ark. 404, 231 S.W.3d 725 (2006).

Appeal dismissed; motion moot.

*Robert Mitchem*, pro se appellant.

No response.