SLIP OPINION

Cite as 2015 Ark. 412

# SUPREME COURT OF ARKANSAS

No. CV-15-360

| | |
|---|---|
| DANNY LYNN WRIGHT<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | Opinion Delivered November 5, 2015<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-15-22]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>AFFIRMED</u>. |

**PER CURIAM**

Appellant Danny Lynn Wright is a prisoner incarcerated in the Arkansas Department of Correction ("ADC"). Wright filed a petition for declaratory judgment and for writ of mandamus in the Jefferson County Circuit Court in which he sought to have the court declare Arkansas Code Annotated section 16-93-609 (Repl. 2006) unconstitutional, declare his commitment invalid, and order the director of the ADC to recalculate his parole eligibility. The circuit court dismissed the matter, and Wright filed this appeal.

There are no material facts at issue, and we therefore review the action of the circuit court de novo. *Hobbs v. McGehee*, 2015 Ark. 116, 458 S.W.3d 707. The circuit court found that Wright had not established a right to the relief he requested, that he failed to present a justiciable controversy because he only challenged his conviction, and that declaratory judgment was not an appropriate remedy. The circuit court correctly found that Wright alleged no meritorious basis for the relief he sought, and we affirm.

Declaratory judgments are used to determine the rights and liabilities of respective parties. *McCutchen v. City of Ft. Smith*, 2012 Ark. 452, 425 S.W.3d 671. The purpose of the declaratory-judgment statutory scheme is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *Id.* (citing Ark. Code Ann. § 16-111-102(b) (Repl. 2006)). This court has held that there are four requisite conditions before declaratory relief may be granted. *Ark. Dep't of Human Servs. v. Ross-Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986). A court may grant relief only when the following conditions are met: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking relief must have a legal interest in the controversy; and (4) the issue involved in the controversy must be ripe for judicial determination. *Id.*

Wright sought to have the circuit court declare that section 16-93-609 was unconstitutional and that the ADC had therefore incorrectly applied it to deem him ineligible for parole. He also sought to have the court declare two judgment-and-commitment orders in the Miller County Circuit Court facially invalid. Wright alleged that his plea agreement for the judgments was invalid, that the judgments were invalid because the orders did not reflect his habitual-offender status or any sentence enhancement, that his due-process rights were violated and the trial court lost jurisdiction when he was not advised of section 16-93-609, that he was induced to enter his plea on the basis that he would be eligible for parole, that the application of section 16-93-609 after the judgment was an ex-post-facto law violation, and that the ADC had failed to follow the judgment in calculating his parole eligibility. On appeal, Wright contends that the circuit court erred in failing to declare that the ADC's calculation of his parole

eligibility was in error and failing to order the ADC to recalculate his parole eligibility.

To the extent that Wright would directly or indirectly challenge the judgments reflecting his convictions or the accuracy of the ADC's calculation of parole eligibility, declaratory judgment will not lie. *See Johnson v. State*, 340 Ark. 413, 12 S.W.3d 203 (2000) (per curiam). A declaratory judgment action is not a substitute for ordinary causes of action, and it is intended to supplement rather than supersede those causes of action. *Manning v. Norris*, 2011 Ark. 439 (per curiam). The majority of Wright's claims in the petition appear to have been this type of challenge.

To the extent that Wright would challenge the ADC's interpretation of section 16-93-609 and its application to calculate his parole eligibility, declaratory judgment may be a remedy under appropriate circumstances. *See, e.g., Hobbs v. Baird*, 2011 Ark. 261 (affirming grant of declaratory judgment where ADC had erroneously interpreted statute). Wright, however, presented no meritorious basis for such a challenge.

Wright asserted that the ADC could not apply section 16-93-609 unless the statute's application was referenced on the face of the judgment, but he is wrong. *See Pitts v. Hobbs*, 2013 Ark. 457 (per curiam). Parole-eligibility determinations by the ADC do not constitute an enhancement or modification of a prison sentence. *Carroll v. Hobbs*, 2014 Ark. 395, 442 S.W.3d 834 (per curiam). Wright's due-process arguments also fail because he demonstrated no constitutional right or entitlement to parole that would invoke due-process protection. *Mason v. Hobbs*, 2015 Ark. 20, 453 S.W.3d 679 (per curiam).

Finally, Wright alleged an ex-post-facto violation, but he did so without alleging that the

SLIP OPINION

statute was applied to events occurring before its enactment. Wright asserted that application of section 16-93-609 only after entry of the judgment was an ex-post-facto application.

This court has rejected the argument that there must be a judicial determination of the statute's applicability. *Aguilar v. Lester*, 2011 Ark. 329 (per curiam) (citing *Blevins v. Norris*, 291 Ark. 70, 722 S.W.2d 573 (1987)). Wright did not allege that the ADC applied section 16-93-609 to offenses that were committed after the effective date of the statute. *Stephens v. Hobbs*, 2012 Ark. 332 (per curiam). Because he did not show that the statute was applied to events occurring before its enactment, Wright failed to demonstrate an ex-post-facto violation. *Pitts*, 2013 Ark. 457.

Affirmed.

*Danny Lynn Wright*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.