SLIP OPINION

Cite as 2016 Ark. 406

# SUPREME COURT OF ARKANSAS.
**No.** CV-16-729

LEE CHARLES MILLSAP, JR.
APPELLANT

V.

WENDY KELLEY, DIRECTOR,
ARKANSAS DEPARTMENT OF
CORRECTIONS
APPELLEES

**Opinion Delivered** November 17, 2016

PRO SE MOTION FOR USE OF THE
RECORD ON APPEAL AS A PAUPER
AND FOR EXTENSION OF TIME TO
FILE APPELLANT'S BRIEF
[LINCOLN COUNTY CIRCUIT
COURT, NO. 40CV-15-33 ]

HONORABLE JODI RAINES
DENNIS, JUDGE

APPEAL DISMISSED; MOTION
MOOT

## PER CURIAM

In May 1998, appellant Lee Charles Millsap Jr., also known as Solomon Millsap, pleaded guilty to capital murder, terroristic threatening, and second-degree battery in the stabbing death of his fiancée. He was sentenced to life imprisonment without the possibility of parole and two six-year terms to run concurrently with the life sentence. Millsap thereafter sought postconviction relief pursuant to Arkansas Rule of Criminal of Procedure 37.1 (1998), claiming that his guilty plea was the result of ineffective assistance of counsel. The petition was denied by the trial court, and we affirmed the trial court's order, holding that the guilty plea had been entered knowingly, intelligently, and voluntarily with the assistance of competent counsel. *Millsap v. State*, CR-99-437 (Ark. Sept. 21, 2000) (unpublished per curiam). Millsap is currently incarcerated in the Varner Unit of the Arkansas Department of Correction, which is located in Lincoln County.

On April 15, 2015, Millsap filed a pro se Petition for Declaratory Judgment and Writ of Mandamus in the Circuit Court of Lincoln County. In his petition, Millsap challenged the constitutionality of Arkansas Code Annotated section 16-93-607(c)(1) (1987), which states in pertinent part that inmates serving under a sentence of life imprisonment without parole may be pardoned or have their sentence commuted by the Governor as provided by law. Millsap argued that the statute is unconstitutional as it is applied in that the Governor does not have authority to grant clemency unless parole is recommended by the Parole Board. Moreover, Millsap alleged that the clemency provision in Arkansas Code Annotated section 16-93-607 created an expectation of release should the Governor grant a pardon, which, in turn, created a liberty interest protected by due process.

The circuit court dismissed the petition with prejudice finding that the petition for declaratory relief and for a writ of mandamus is a civil action that should have been filed in Jefferson County, where Millsap was incarcerated, and, further, that the Declaratory Judgment Act cannot be used to challenge the discretion of the Arkansas Department of Correction or the Governor to grant or deny parole. Millsap has lodged an appeal of that order.

Now before this court is Millsap's motion for use of the record on appeal as a pauper and for extension of time to file his brief. This court treats declaratory judgment proceedings as applications for postconviction relief in those instances where a prisoner collaterally attacks a judgment or sentence. *Davis v. Hobbs*, 2011 Ark. 249 (per curiam); *see also Bailey v. State*, 312 Ark. 180, 182, 848 S.W.2d 391, 392(1993) (per curiam) (A petition for post-conviction relief attacking a judgment, regardless of the label placed on it by the petitioner, is considered

pursuant to our postconviction rule.). An appeal from an order that denied a petition for postconviction relief, including civil postconviction remedies, will not be permitted to go forward where it is clear that the appellant could not prevail. *Crawford v. Cashion*, 2010 Ark. 124, at 2, 361 S.W.3d 268, 270 (per curiam). Because it is clear that Millsap cannot prevail, we dismiss the appeal, which renders Millsap's motion moot.

The allegations set forth in Millsap's petition for declaratory relief are in essence a challenge to the constitutionality of a sentence of life without parole, wherein Millsap contends that Arkansas Code Annotated section 16-93-607(c)(1), which gives the Governor discretion to grant clemency, created a liberty interest. On this issue, Millsap is mistaken, Arkansas statutes have not created a liberty interest in parole eligibility. *See Pittman v. Gaines*, 905 F.2d 199 (8th Cir. 1990) (holding that the statute which provides in pertinent part that the parole board may release an eligible prisoner under certain conditions, does not create a liberty interest in parole because the board's determinations regarding parole are discretionary); see also *Cridge v. Hobbs*, 2014 Ark. 153, at 2 (per curiam) (There is no constitutional right or entitlement to parole that would invoke due-process protection.).

Moreover, as stated above, Millsap's allegations represent a collateral attack on his judgment whereby he seeks to modify the imposed life sentence by contending a constitutionally protected right to parole eligibility. Where a petitioner does not allege that a judgment of conviction is facially invalid, a collateral attack on a judgment is not cognizable in a declaratory judgment action. *Johnson v. State*, 340 Ark. 413, 413–14, 12 S.W.3d 203, 204 (2000)(per curiam). Instead, Millsap's petition for declaratory relief is treated as a request for postconviction relief regardless of the label attached to the petition,

and his claims for relief are subject to the provisions of Rule 37.1. *Bailey*, 312 Ark. at 182, 848 S.W.2d at 392. According to the provisions of Rule 37.2(b), "if a conviction was obtained on a plea of guilty . . . a petition claiming relief under this rule must be filed in the appropriate circuit court within 90 days of the date of entry of judgment." Millsap's petition collaterally attacking his sentence is clearly untimely. Furthermore, Millsap's petition represents a successive petition for postconviction relief, and this court has consistently upheld the rule that a petitioner is limited to one petition for postconviction relief unless the first petition was specifically denied without prejudice to allow the filing of a second petition. *McCuen v. State*, 328 Ark. 46, 60, 941 S.W.2d 397, 404 (1997). As set forth above, Millsap's original Rule 37.1 petition for relief was denied by the trial court, and we affirmed the denial of postconviction relief. *Millsap*, CR-99-437 (Ark. Sept. 21, 2000) (unpublished). There is no demonstration that Millsap's original Rule 37.1 petition was dismissed without prejudice. Millsap failed to state a basis for declaratory relief, and instead filed an untimely and successive petition for postconviction relief. Without establishing a right to declaratory judgment, Millsap provided no basis for a writ of mandamus to issue. *Crawford*, 2010 Ark. 124, at 2, 361 S.W.3d at 270.

 Appeal dismissed; motion moot.