Cite as 2020 Ark. App. 450

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-20-90

TYRUN JONES/MCDOWELL
                                                    APPELLANT

V.

DEXTER PAYNE, DIRECTOR,
ARKANSAS DEPARTMENT OF
CORRECTION
                                                       APPELLEE

**Opinion Delivered:** September 30, 2020

APPEAL FROM THE CHICOT
COUNTY CIRCUIT COURT
[NO. 09CV-19-134]

HONORABLE ROBERT BYNUM
GIBSON, JR., JUDGE

AFFIRMED

---

## PHILLIP T. WHITEAKER, Judge

Appellant Tyrun Jones/McDowell filed a pro se "Petitioner [*sic*] for Declaratory Judgment" against Dexter Payne, the director of the Arkansas Department of Correction. The Chicot County Circuit Court entered an order denying his petition from which he now appeals. We find no error and affirm.

For purposes of this opinion, we set forth the following history. Jones/McDowell was convicted in 2016 of second-degree murder and sentenced to a total of forty years in the Arkansas Department of Correction. He appealed his conviction, and this court affirmed in *Jones v. State*, 2017 Ark. App. 286, 524 S.W.3d 1.[1] His petition for review was denied by our supreme court. Jones/McDowell apparently did not seek postconviction relief pursuant

---

[1]In his prior direct appeal, appellant prosecuted his action under the name "Tyrun Jones." Here, he uses the name "Tyrun Jones/McDowell" without explaining the difference.

to Arkansas Rule of Criminal Procedure 37.1. He did, however, file a petition for writ of habeas corpus in the Chicot County Circuit Court, which was denied. In *Jones v. State*, 2019 Ark. 12, 565 S.W.3d 100, our supreme court affirmed the denial of that petition.

Finding no relief in the state courts, Jones/McDowell then turned to the federal courts, filing a petition for writ of habeas corpus in the Eastern District of Arkansas. The federal district court accepted the recommendation of a magistrate judge and denied the petition. *Jones v. Kelley*, 5:19CV00099-BRW-JJV, 2019 WL 3137499 (E.D. Ark. July 15, 2019).

Following this denial in the federal court, Jones/McDowell filed his petition for declaratory relief, which is the underlying action for this appeal. In our Declaratory Judgment Act, Arkansas has codified a statutory scheme to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *Mitchem v. Hobbs*, 2014 Ark. 233, at 5; *McCutchen v. City of Ft. Smith*, 2012 Ark. 452, 425 S.W.3d 671. Jones/McDowell sought declaratory relief below pursuant to this act, which provides as follows:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Ark. Code Ann. § 16-111-102 (Repl. 2016).

In his petition for declaratory relief, Jones/McDowell raised numerous claims including judicial bias; insufficiency of the evidence; actual innocence; unfair trial practices, including *Brady* violations; illegal detention; and illegal sentencing. The circuit court

2

dismissed Jones/McDowell's petition "because [the] petition makes no allegation . . . that remotely states a cause of action for declaratory relief." We agree.

Our supreme court has set forth very specific parameters for the use of declaratory-judgment actions by criminal defendants. A criminal defendant may not use a declaratory-judgment action or a suit for an extraordinary writ for the purpose of challenging a criminal conviction, sentence, or parole eligibility. *Mitchem*, *supra* (citing *Manning v. Norris*, 2011 Ark. 439 (per curiam); *Johnson v. State*, 340 Ark. 413, 12 S.W.3d 203 (2000)). Rather, a criminal defendant must raise any alleged errors regarding his or her conviction in the circuit court or on direct appeal and may not raise them in a collateral civil proceeding. *Walker v. Kelley*, 2020 Ark. 183, at 2.

Here, the vast majority of Jones/McDowell's claims relate to alleged trial errors, and each of these claims presents an argument that could have been raised on direct appeal. First, he argues that the circuit court showed actual bias against him. In *Nelson v. State*, 2014 Ark. 28, however, our supreme court held that a claim of judicial bias was an allegation of trial error that could have been raised on direct appeal. Second, Jones/McDowell asserts a claim of actual innocence, but in *Sanford v. State*, 342 Ark. 22, 25 S.W.3d 414 (2002), the supreme court held that a claim of actual innocence was a challenge to the sufficiency of the evidence that should have been raised on direct appeal.

Third, he contends that his trial was unfair because the circuit court excluded his brothers from the trial. Our supreme court, however, has held that allegations of a violation of a defendant's right to a public trial is an issue that a court will review on direct appeal. *See Douglas v. State*, 2017 Ark. 70, 511 S.W.3d 852. Next, Jones/McDowell claims the State

withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[2] In *Flemons v. State*, 2016 Ark. 460, at 10, 505 S.W.3d 196, 205, the supreme court stated that prosecutorial misconduct, including an alleged *Brady* violation, is the "type of issue that should have been raised on direct appeal." Our supreme court has held that a declaratory-relief action is not a substitute for an appeal of the criminal conviction. *Mitchum*, 2014 Ark. 233, at 2–3. We thus hold that the majority of Jones/McDowell's claims are not appropriate for a declaratory-judgment action.

We recognize that Jones/McDowell presents a conclusory statement in his brief that the judgment against him was invalid on its face. Our supreme court has held that when a petitioner does not allege that a judgment of conviction is facially invalid, a collateral attack on a judgment is not cognizable in a declaratory-judgment action. *Millsap v. Kelley*, 2016 Ark. 406, at 3 (citing *Johnson v. State*, 340 Ark. 413, 413–14, 12 S.W.3d 203, 204 (2000) (per curiam)). We hold that Jones/McDowell's conclusory statement is nothing more than an apparent attempt to bring his petition within the purview of the Declaratory Judgment Act, *see Millsap*, *supra*, and we reject it for two reasons.

First, Jones/McDowell's claim that the judgment is invalid is unsupported by any specific factual allegation. Arkansas is a fact-pleading state, and Jones/McDowell's conclusory assertion must be supported by facts. *Mitchem*, 2014 Ark. 233, at 4. Second, his claim is patently incorrect. Jones/McDowell was convicted of second-degree murder, a Class A felony, *see* Ark. Code Ann. § 5-10-103 (Repl. 2013), and was sentenced to twenty-

---

[2]We note this claim is made in a conclusory fashion and does not specify what evidence was withheld.

five years in prison.[3] He was also sentenced to an additional fifteen years' incarceration pursuant to a firearm enhancement, *see* Ark. Code Ann. § 16-90-102(a) (Repl. 2016), and the enhancement ran consecutively with the underlying sentence, in accordance with section 16-90-102(b).[4] His conviction and his sentences were affirmed on direct appeal. Accordingly, there is nothing in Jones/McDowell's sentence that indicates it is facially invalid. As such, Jones/McDowell has presented no cognizable claim for declaratory relief. Arkansas's declaratory-judgment act was not intended to allow any question to be presented by any person. *Brown v. State*, 2017 Ark. 232, at 3, 522 S.W.3d 791, 792 (citing *Andres v. First Ark. Dev. Fin. Corp.*, 230 Ark. 594, 606, 324 S.W.2d 97, 104 (1959)). The circuit court's order denying his petition is therefore affirmed.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Tyrun Jones/McDowell*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

---

[3]Arkansas Code Annotated section 5-4-401(a)(2) provides that for a Class A felony, "the sentence shall be not less than six (6) years nor more than thirty (30) years."

[4]Arkansas Code Annotated section 16-90-102(b) mandates that any additional prison sentence imposed pursuant to an enhancement shall run consecutively and not concurrently.