

Cite as 2014 Ark. 61

# SUPREME COURT OF ARKANSAS

No. CV–13–448

| | |
|---|---|
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ARKANSAS<br>APPELLANT | **Opinion Delivered** February 13, 2014 |
| | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CV-11-480] |
| V. | |
| MIKE BURCHAM<br>APPELLEE | HONORABLE MIKE MEDLOCK, JUDGE |
| | <u>REVERSED AND DISMISSED</u>. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Board of Trustees of the University of Arkansas (the University) appeals from an order of the Crawford County Circuit Court denying its motion to dismiss appellee Mike Burcham's amended complaint for wrongful termination. On appeal, the University argues that Burcham's complaint is barred by sovereign immunity pursuant to article 5, § 20 of the Arkansas Constitution. We agree and, accordingly, reverse and dismiss.

The pertinent facts are simple. Burcham filed an amended complaint against the University and others[1] on January 10, 2012, claiming that he was wrongfully terminated in violation of public policy, his due-process rights, and his First Amendment rights. The University filed an amended motion to dismiss on January 30, 2012, arguing, among other

---

[1]The other parties named in the complaint were dismissed by the circuit court due to Burcham's failure to properly serve them.

SLIP OPINION

things, that it was sovereignly immune from suit and, therefore, Burcham's claims should be dismissed. After a hearing on the matter, the circuit court denied the motion. In its April 24, 2013 order, the circuit court found that the allegation contained in Burcham's complaint that the University failed to follow a grievance procedure outlined in the employee handbook was sufficient to waive the University's sovereign immunity. The University timely filed the instant appeal.

The University now contends, as it did below, that Burcham's claim is barred by sovereign immunity and that none of the limited exceptions apply in the instant case. Burcham avers that sovereign immunity can be waived and that the University's act of firing him without following its grievance policy was ultra vires, wanton, capricious, in bad faith, injurious, and arbitrary, allowing him to proceed with a claim against the State. After review, we agree with the University that sovereign immunity applies in the instant case.

In reviewing the circuit court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *See Arkansas Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *See id.* However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *See id.* Furthermore, because sovereign immunity is jurisdictional immunity from suit, jurisdiction must be determined entirely from the pleadings. *See id.*

SLIP OPINION

This court has held that sovereign immunity is jurisdictional immunity from suit. *See Milberg, Weiss, Bershad, Hynes & Lerach, LLP v. State*, 342 Ark. 303, 28 S.W.3d 842 (2000). The defense arises from article 5, § 20 of the Arkansas Constitution, which provides that "[t]he State of Arkansas shall never be made a defendant in any of her courts." *Id.* at 320, 28 S.W.3d at 854 (quoting Ark. Const. art. 5, § 20). We have extended the doctrine of sovereign immunity to include state agencies. *See Arkansas Dep't of Cmty. Corr. v. City of Pine Bluff*, 2013 Ark. 36, ___ S.W.3d ___. We have also held that a suit against the board of trustees of a state university is a suit against the State, and is barred by the doctrine of sovereign immunity. *See Arkansas Tech Univ.*, *supra*; *State Comm'r of Labor v. Univ. of Ark.*, 241 Ark. 399, 407 S.W.2d 916 (1966).

Where the pleadings show that the action is, in effect, one against the State, the circuit court acquires no jurisdiction. *See City of Pine Bluff*, 2013 Ark. 36, ___ S.W.3d ___. In determining whether the doctrine of sovereign immunity applies, the court must decide if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. *See id.* If so, the suit is one against the State and is barred by the doctrine of sovereign immunity, unless an exception to sovereign immunity applies. *See id.*

This court has recognized three ways in which a claim of sovereign immunity may be surmounted: (1) where the State is the moving party seeking specific relief, (2) where an act of the legislature has created a specific waiver of sovereign immunity, and (3) where the state agency is acting illegally or if a state-agency officer refuses to do a purely ministerial action required by statute. *See id.* Additionally, a state agency may be enjoined if it can be shown

SLIP OPINION

(1) that the pending action of the agency is ultra vires or without the authority of the agency, or (2) that the agency is about to act in bad faith, arbitrarily, capriciously, and in a wantonly injurious manner. *See Arkansas Tech Univ.*, *supra*; *Arkansas State Game & Fish Comm'n v. Eubank*, 256 Ark. 930, 512 S.W.2d 540 (1974).

None of the above exceptions are applicable to the instant case. Burcham claims that his employment manual provided procedures to be followed prior to an employee dismissal and that the University did not follow those procedures. Therefore, Burcham argues that the University violated his procedural due-process rights and waived sovereign immunity because that conduct was unconstitutional, ultra vires, arbitrary, capricious, or in bad faith. However, the scope of the exception to sovereign immunity for unconstitutional acts or for acts that are ultra vires, arbitrary, capricious or in bad faith, extends only to injunctive relief. *See Arkansas Lottery Comm'n v. Alpha Mktg.*, 2013 Ark. 232, ___ S.W.3d ___. The exception does not apply to suits seeking money damages, and we have never recognized the exception to allow a claim for damages to proceed. *See id*.

In the instant case, Burcham clearly sought damages. His complaint states:

Plaintiff has incurred damages including lost wages, lost benefits, lost seniority, embarrassment and emotional distress, and should be entitled to damages associated with Defendant's wrongful acts. Plaintiff should be entitled to the full amount of damages available under Arkansas law, including attorneys' fees and costs.

Although the final sentence of his prayer for relief in the amended complaint includes the language "enjoin Defendants as specified in this Complaint," the complaint was devoid of anything relevant to injunctive relief. Furthermore, that same sentence ends with the request

that the court "award Plaintiff damages, attorneys' fees and costs pled herein." Even given a liberal reading, the amended complaint fails to plead a claim for anything but money damages. Because the exception to sovereign immunity for unconstitutional acts or for acts that are ultra vires, arbitrary, capricious, or in bad faith does not apply to a claim seeking monetary damages, and because the University did not waive sovereign immunity, Burcham's claim is barred.

The circuit court erred in denying the University's amended motion to dismiss because it lacked jurisdiction over Burcham's claim pursuant to the doctrine of sovereign immunity. Accordingly, we reverse and dismiss.

Reversed and dismissed.

Special Justice VAUGHAN HANKINS joins in this opinion.

GOODSON, J., not participating.

*Matthew McCoy*, Associate General Counsel, University of Arkansas System, for appellant.

*Hopkins & Holmes, PLLC*, by: *Kevin R. Holmes*, for appellee.