SLIP OPINION

Cite as 2014 Ark. 259

# SUPREME COURT OF ARKANSAS

No. CV–13–1007

| | |
|---|---|
| BEAU LEE DUBOIS<br><div align="right">APPELLANT</div><br>v.<br><br>RAY HOBBS, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><div align="right">APPELLEE</div> | Opinion Delivered    May 29, 2014<br><br>PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF AND FOR APPOINTMENT OF COUNSEL [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CV-13-421]<br><br>HONORABLE JODI RAINES DENNIS,  JUDGE<br><br><u>APPEAL DISMISSED; MOTIONS MOOT</u>. |

## PER CURIAM

In 2013, appellant Beau Lee DuBois filed in the Jefferson County Circuit Court a pro se complaint against the Director of the Arkansas Department of Correction ("ADC"), in whose custody appellant was being held.  Appellant contended in the petition that he was entitled under the Interstate Corrections Compact ("Compact"), codified at Arkansas Code Annotated sections 12-49-101 to -103 (Repl. 1999), to be transferred to a prison in California where his family resided.  The petition was dismissed, and appellant lodged an appeal from the order in this court.

Now before us are appellant's motions for extension of time to file his brief and for appointment of counsel.  As it is clear from the record that appellant could not prevail on appeal, the appeal is dismissed.  The motions are moot.  This court treats pleadings as

applications for postconviction relief in those instances where a prisoner seeks relief from the conditions of incarceration. *See Cridge v. Hobbs*, 2014 Ark. 153 (per curiam); *Gardner v. Hobbs*, 2013 Ark. 439 (per curiam). An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Cridge*, 2014 Ark. 153.

The circuit court did not err in dismissing the complaint. Under the Compact, the ADC officials had sole control over whether appellant would be transferred to another state. It is the ADC that is authorized to render a decision on inmate transfers if it is determined that confinement in, or transfer to, an institution within the territory of another party to the Compact is necessary or desirable. Ark. Code Ann. § 12-49-102(a). Nothing in the Compact affords the inmate the right to demand transfer to another state. Decisions on the prison facility in which the inmate will serve his sentence are within the limits authorized by the judgment-and-commitment order committing the convicted defendant to the custody of prison authorities. *See Olim v. Wakinekona*, 461 U.S. 238 (1983).

The complaint was also subject to dismissal on the ground that the Director of the Arkansas Department of Correction had sovereign immunity pursuant to article 5, section 20, of the Arkansas Constitution against such claims, inasmuch as the Director was acting within his official capacity when he denied appellant's request to be transferred to a California prison. Because sovereign immunity is jurisdictional immunity from suit, jurisdiction must be determined entirely from the pleadings. *Bd. of Tr. v. Burcham*, 2014 Ark. 61. Article 5, section 20, of the Arkansas Constitution provides that the State of Arkansas shall never be

made a defendant in any of her courts. *Id.* We have extended the doctrine of sovereign immunity to include state agencies. *Id.*

When the pleadings show that the action is, in effect, one against the State, the circuit court acquires no jurisdiction. *Id.* A suit against a state official in his or her official capacity is not a suit against that person, but rather is a suit against that official's office. *Brown v. Ark. State HVACR Lic. Bd.*, 336 Ark. 34, 984 S.W.2d 402 (1999). In determining whether the doctrine of sovereign immunity applies, the court must decide if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. *Burcham*, 2014 Ark. 61. If so, the suit is one against the State and is barred by the doctrine of sovereign immunity, unless an exception to sovereign immunity applies. *Ark. Dep't of Cmty. Corr. v. City of Pine Bluff*, 2013 Ark. 36, ___ S.W.3d ___.

This court has recognized three ways in which a claim of sovereign immunity may be surmounted: when the State is the moving party seeking specific relief, when an act of the legislature has created a specific waiver of sovereign immunity, and when the state agency is acting illegally or if a state-agency officer refuses to do a purely ministerial action required by statute. *Id.* Additionally, a state agency may be enjoined if it can be shown that the pending action of the agency is ultra vires or without the authority of the agency, or that the agency is about to act in bad faith, arbitrarily, capriciously, and in a wantonly injurious manner. *See Burcham*, 2014 Ark. 61. None of the exceptions are applicable to the instant case. Appellant's complaint seeking to be moved to a California prison was clearly intended to control the actions of the Director of the ADC.

Appeal dismissed; motions moot.

*Beau Lee DuBois*, pro se appellant.
No response.