SLIP OPINION

Cite as 2014 Ark. 262

# SUPREME COURT OF ARKANSAS

No. CV-14-125

| | |
|---|---|
| MICHAEL JAMES CROSSNO<br>　　　　　　　　　　　　APPELLANT<br><br>V.<br><br>JOHN FELTS, CHAIRMAN, ARKANSAS<br>PAROLE BOARD<br>　　　　　　　　　　　　APPELLEE | **Opinion Delivered**　　May 29, 2014<br><br>PRO SE MOTIONS FOR<br>CONTINUANCE, TO SUPPLEMENT<br>RECORD, AND TO REDESIGNATE<br>MOTION TO SUPPLEMENT RECORD,<br>[JEFFERSON COUNTY CIRCUIT<br>COURT, NO. 35CV-13-580]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>APPEAL DISMISSED; MOTIONS<br>MOOT</u>. |

**PER CURIAM**

In 2013, appellant Michael James Crossno filed, pursuant to Arkansas Code Annotated section 25-15-212 (Repl. 2002) of the Administrative Procedure Act ("APA"), a pro se petition for judicial review. In the petition, he contended that the Chairman of the Arkansas Parole Board had erred by denying him release on parole. The circuit court dismissed the petition, and appellant has lodged a pro se appeal here from the order.

Now before us are appellant's pro se motions seeking an extension of time to file his brief-in-chief, to supplement the record, and to rename the request to supplement the record. Because it is clear that the circuit court did not err in dismissing the petition, the appeal is dismissed, and appellant's motions are moot. *See Lee v. Ark. Dep't of Corr. Records Dep't*, 2012 Ark. 342 (per curiam).

First, under the APA, a petition for judicial review must be filed within thirty days after

service of the agency's final decision on the petitioner. Ark. Code Ann. § 25-15-212(b). This thirty-day period begins to run when the petitioner is served with a copy of the decision being challenged. *Lee*, 2012 Ark. 342. When a petition is filed outside the thirty-day window, it is untimely, and a petitioner is precluded from seeking relief under the APA. *Id.* Appellant stated in his petition that he was granted parole on April 11, 2013, but that the decision was reversed on July 11, 2013. Appellant further contended that the final decision of the parole board was issued on October 15, 2013. His petition for judicial review was not filed until December 9, 2013. While appellant refers to other actions by the parole board, none took place within thirty days before the filing on December 9, 2013, of the petition for judicial review. The record supports the conclusion that the petition filed December 9, 2013, was filed more than thirty days after appellant had been served with a copy of the parole board's final decision.

In addition to being untimely filed, the petition for judicial review was subject to dismissal because the petition failed to state a valid claim of a due-process violation. There is no constitutional right or entitlement to parole that would invoke due-process protection. *Cridge v. Hobbs*, 2014 Ark. 153 (per curiam) (citing *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1987)).

Finally, appellant's complaint was barred by sovereign immunity under article 5, section 20, of the Arkansas Constitution. Because sovereign immunity is jurisdictional immunity from suit, jurisdiction must be determined entirely from the pleadings. *Bd. of Tr. v. Burcham*, 2014 Ark. 61. Article 5, section 20, of the Arkansas Constitution provides that the State of Arkansas shall never be made a defendant in any of her courts. *Id.* We have extended the doctrine of sovereign

SLIP OPINION

immunity to include state agencies. *Id.*

When the pleadings show that the action is, in effect, one against the State, the circuit court acquires no jurisdiction. *Id.* A suit against a state official in his or her official capacity is not a suit against that person, but rather is a suit against that official's office. *Brown v. Ark. State HVACR Lic. Bd.*, 336 Ark. 34, 984 S.W.2d 402 (1999). In determining whether the doctrine of sovereign immunity applies, the court must decide if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. *Burcham*, 2014 Ark. 61. If so, the suit is one against the State and is barred by the doctrine of sovereign immunity, unless an exception to sovereign immunity applies. *Ark. Dep't of Cmty. Corr. v. City of Pine Bluff*, 2013 Ark. 36, ___ S.W.3d ___.

This court has recognized three ways in which a claim of sovereign immunity may be surmounted: when the State is the moving party seeking specific relief, when an act of the legislature has created a specific waiver of sovereign immunity, and when the state agency is acting illegally or if a state-agency officer refuses to do a purely ministerial action required by statute. *Id.* Additionally, a state agency may be enjoined if it can be shown that the pending action of the agency is ultra vires or without the authority of the agency, or that the agency is about to act in bad faith, arbitrarily, capriciously, and in a wantonly injurious manner. *See Burcham*, 2014 Ark. 61. None of the exceptions are applicable to the instant case. Appellant's petition was clearly intended to control the actions of the chairman of the parole board, and appellant made no showing that sovereign immunity should not apply to that party.

Appeal dismissed; motions moot.

*Michael James Crossno*, pro se appellant.

No response.