Cite as 2018 Ark. 17

# SUPREME COURT OF ARKANSAS

No. CV-17-22

| | |
|---|---|
| | **Opinion Delivered:** January 18, 2018 |
| LONNIE WILLIAMS AND PATIENCE BARTUNEK, IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES OF ARKANSAS STATE UNIVERSITY<br><br>APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-15-5990] |
| V. | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| KIA MCCOY<br><br>APPELLEE | <u>REVERSED AND REMANDED IN PART AND DISMISSED IN PART</u>. |

**RHONDA K. WOOD, Associate Justice**

Lonnie Williams and Patience Bartunek, in their official capacities as employees of Arkansas State University, bring this interlocutory appeal under Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil from an order denying their motion to dismiss. Appellants assert that Kia McCoy's complaint is barred by sovereign immunity. We reverse and remand in part and dismiss in part.

In her complaint, McCoy alleges that she was an Arkansas State University ("University") nursing student from August 2014 until May 2015. In September 2015, McCoy took and passed a re-entry exam. Shortly after she passed the exam, McCoy contends she received an email from the "Misconduct Department" stating that she had violated school policy. A subsequent letter to McCoy stated that she "fail[ed] to comply." McCoy later learned that the University had found photographs of her quiz on another

student's phone. She was accused of taking the photographs and sending them to another student.

Following a hearing, McCoy was suspended from the University until August 2016. She appealed her suspension, but Williams denied the appeal. Thereafter, McCoy's attorney submitted a Freedom of Information Act ("FOIA") request to the University. The University denied the request until McCoy completed a consent to release the requested documents. In her complaint, McCoy asserted that appellants denied her due process under the Arkansas Constitution and violated FOIA. She petitioned for declaratory judgment, an injunction clearing her name, and an order reinstating her to the nursing program at the University.

Appellants filed a motion to dismiss. They argued the complaint was barred by the doctrine of sovereign immunity because McCoy did not state a cognizable due-process violation. They also argued the FOIA claim failed as a matter of law because the educational records McCoy requested are shielded from disclosure under Ark. Code Ann. § 25-19-105(b)(2) (Supp. 2017). The circuit court denied the motion to dismiss, and this appealed followed.

On reviewing the denial of the motion to dismiss on sovereign-immunity grounds, we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Johnson v. Butler*, 2016 Ark. 253, 494 S.W.3d 412. We also resolve all reasonable inferences in favor of the complaint and construe the pleadings liberally. *Id*. Because our rules require fact pleading, the complaint must state facts, not mere conclusions, to entitle the pleader to relief. *Id*. Our standard of review for the denial

of a motion to dismiss is whether the circuit court abused its discretion. *Ark. State Claims Comm'n v. Duit Constr. Co., Inc.*, 2014 Ark. 432, 445 S.W.3d 496.

Sovereign immunity is immunity from suit. *Id.* It arises from article 5, section 20 of the Arkansas Constitution, which provides, "The State of Arkansas shall never be made a defendant in any of her courts." We have extended sovereign immunity to state agencies and state employees sued in their official capacities. *Ark. Dep't of Human Servs. v. Fort Smith Sch. Dist.*, 2015 Ark. 81, 455 S.W.3d 294. In determining whether the doctrine of sovereign immunity applies, the court must decide whether a judgment for the plaintiff will operate to control the action of the State or subject it to liability. *Bd. of Trs. v. Burcham*, 2014 Ark. 61.

In the past, we have recognized an exception to the defense of sovereign immunity when the State is acting illegally, unconstitutionally, or if a state–agency officer refuses to do a purely ministerial action required by statute.[1] *Duit*, 2014 Ark. 432, at 7, 445 S.W.3d at 502. Here, appellants assert that McCoy failed to plead sufficient facts to demonstrate an unconstitutional act that would avoid application of sovereign immunity.

A complaint alleging illegal and unconstitutional acts by the State as an exception to the sovereign immunity doctrine must comply with our fact-pleading rules. *Id.* In her complaint, McCoy alleges that appellants denied her specific details of the charges against her, the right to confront her accuser, and sufficient time to review the evidence against

---

[1] We recently held in *Andrews* that a legislative statute that waives sovereign immunity is unconstitutional. *Bd. of Trs. v. Andrews*, 2017 Ark. 12. While we are mindful that there may in the future be a constitutional challenge to the illegal acts exception, that issue was not argued in this case; therefore, we do not address it here.

3

her, resulting in a due-process violation. While a student is entitled to notice and a hearing, a "full dress judicial hearing is not required." *Henderson State Univ. v. Spadoni*, 41 Ark. App. 33, 36, 848 S.W.2d 951, 953 (1993); *see also Goss v. Lopez*, 419 U.S. 565, 578 (1975); *Dixon v. Ala. State Bd. of Educ.*, 294 F.2d 150 (5th Cir. 1961). In *Goss*, the Supreme Court stated that it did not construe due process to require students the opportunity to secure counsel, confront witnesses, or to call their own witnesses. *Goss*, 419 U.S. at 583. Arkansas has followed the reasoning of *Goss*. *See, e.g.*, *Spadoni*, 41 Ark. App. 33, 848 S.W.2d 951 (1993).

McCoy's complaint fails to plead facts that, if proven, would demonstrate a due process violation that she can argue was an illegal or unconstitutional act sufficient to avoid sovereign immunity. The complaint concedes that McCoy was given notice of the charges and afforded a hearing. It states that she was notified of the violation of "failure to comply" via email and later by letter. The complaint also indicates that hearings were held, that she appealed from the imposed sanction, and that Williams denied her appeal. Furthermore, although McCoy attaches the University handbook to her complaint, she does not identify with specificity how appellants failed to comply with those policies. While she points to page 22 of the handbook and states that her case "was supposed to be heard by a Committee," she later concedes that the hearings were held. "The mere statement that it is so, without factual support, simply fails to comport with our fact-pleading requirements." *Duit*, 2014 Ark. 432, at 8, 445 S.W.3d at 503. Therefore, taking the facts alleged in McCoy's complaint as true and viewing them in the light most favorable to her, we cannot say that it states sufficient facts to support a due-process violation. Consequently, the exception to the sovereign-immunity doctrine for unconstitutional acts is not applicable,

4

and her due-process claim is barred by sovereign immunity. We therefore reverse the circuit court's denial of appellants' motion to dismiss McCoy's due-process claims and remand for entry of an order consistent with this opinion.

Next, at the circuit court, appellants alleged that McCoy's FOIA claim failed based on sovereign immunity. On appeal, they cite no legal support in support of a sovereign immunity defense, which is the only issue we have jurisdiction to review on this interlocutory appeal. They instead have shaped their argument to state that as a matter of law the educational records that she requested from the University are exempt from disclosure under Ark. Code Ann. § 25-19-105(b)(2). We therefore dismiss this claim for lack of appellate jurisdiction. Rule 2 does not authorize an interlocutory appeal from the denial of a motion to dismiss generally. It allows an interlocutory appeal of a circuit court's denial of a motion to dismiss under Rule 2(a)(10) based on sovereign immunity. However, we do not hear on interlocutory appeal any issue other than whether the circuit court erred in denying summary judgment on the issue of sovereign immunity. *See City of Little Rock v. Dayong Yang*, 2017 Ark. 18, 509 S.W.3d 632; *City of Malvern v. Jenkins*, 2013 Ark. 24, 425 S.W.3d 711. Because before us appellants' argument—that McCoy's FOIA claim fails and should be dismissed under Arkansas Rule of Civil Procedure 12(b)(6)—does not implicate sovereign immunity, we dismiss this issue on appeal.

Accordingly, the circuit court erred in part in denying appellant's motion to dismiss. McCoy has failed to assert a due-process violation; therefore, no exception to sovereign immunity exists and this suit is barred by the doctrine of sovereign immunity as set forth in article 5, section 20, of the Arkansas Constitution. We reverse and remand on this issue.

In addition, we dismiss appellants' appeal on the FOIA claim because it is an improper interlocutory appeal.

Reversed and remanded in part and dismissed in part.

BAKER and GOODSON, JJ., concur.

HART, J., concurs in part and dissents in part.

**KAREN R. BAKER, Justice, concurring.** I agree with the majority's disposition in this case, however, I write separately to address McCoy's failure to avail herself of the hearing process provided. The 2015-2016 Arkansas State University Student Handbook contains a section entitled "Formal Conduct Hearing Guiding Principles." The section then sets forth thirteen guiding principles, four of which are applicable to McCoy's due-process claim:

    a.     An alleged violator may request a pre-hearing conference prior to his/her Formal Conduct Hearing.

    . . . .

    e.     A complete witness list must be turned into the Assistant Dean of Student Conduct one university business day prior to the hearing – a minimum of 24 hours prior to the hearing. The alleged violator is responsible for notifying his/her witnesses of the time, date and place of the hearing.

    f.     Students may request, in writing, of the Office of Student Conduct a list of all witnesses and access to all information. All information requests must be done in writing and allow a minimum of one (1) business day for the information to be compiled from time of request.

    . . . .

    j.     An alleged violator may select an advisor to be present at the hearing that may confer and give advice to the student in a quiet, confidential and non-

disruptive manner . . . . A list of trained student advisors is available in the Office of Student Conduct.

McCoy's complaint states that she "was told the Chair of the Nursing Department would be present as a witness, so [McCoy] could ask her questions, but she was not." Even assuming that this factual allegation is true, McCoy's complaint fails to demonstrate that she submitted a witness list or requested a witness list from the Office of Student Conduct. McCoy's complaint also fails to demonstrate that she requested a prehearing conference or selected an advisor to be present at the hearing. Thus, McCoy may not now claim that the University's hearing procedures violated her due process rights when she failed to avail herself of the process provided. In sum, because McCoy has failed to state a due process violation, no exception to sovereign immunity exists, and I concur with the majority's disposition.

GOODSON, J., joins.

**JOSEPHINE LINKER HART, Justice, dissenting in part and concurring in part**. I cannot join the majority's opinion disposing of Ms. McCoy's civil–rights claim. The majority seems to have lost sight of the fact that sovereign immunity is an affirmative defense. *See* Ark. R. Civ. P. 12; *see also Ark. Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000). As such, it was the appellants' burden to plead facts sufficient to establish their entitlement to this affirmative defense, not Ms. McCoy's burden to plead facts avoiding it. Likewise, in reviewing the circuit court's *denial* of the appellants' motion to dismiss, this court was required to liberally construe the pleadings in a manner in favorable to the plaintiff, Ms. McCoy, taking all factual allegations as true. *Ark. Dep't of Envtl. Quality v. Al-Madhoun*, 374 Ark. 28, 285 S.W.3d 654 (2008). The majority simply did not follow this practice.

7

Although the majority suggests that Ms. McCoy failed to allege that she suffered a deprivation of her right to due process, this contention is false. Ms. McCoy alleged that she was accused of violating school "policy" when she was "not even an active enrolled student." Nonetheless, she asserted that she "began the disciplinary process, in reliance on the handbook." However, Ms. McCoy did not merely attach the handbook to her complaint as the majority indicates. Significantly, the complaint states that "Defendant did not follow the handbook." The obvious construction of this attachment was that it was meant as a courtesy to the circuit court, who likely did not have an Arkansas State University Student Handbook on its shelf.

Further, the complaint articulates specific instances in which Ms. McCoy's due-process rights were violated. McCoy alleged that (1) she "was not notified of the charges with enough specificity that she could defend herself"; (2) "she was denied basic details of who, what, when, and how"; (3) "she was denied proper and timely notice"; the letter that the appellants sent her on September 17, 2015 accused her of "failure to comply" with school policies, an allegation she contests; (4) she was not informed of the person who accused her of impropriety regarding a photograph of a quiz that was allegedly discovered on another individual's cell phone. Additionally, while Ms. McCoy acknowledged in her complaint that she was given a hearing, the composition of the "committee" who was to hear her case did not conform with the requirements of the handbook.

I am not ready to concede that the handbook could provide Ms. McCoy with the sum total of all the due-process rights that she was entitled to—I will not concede that an agency of the State of Arkansas can so arbitrarily limit a citizen's constitutional rights by

8

such a publication. However, an alleged failure to even follow the procedures specified in the handbook does make out a cause of action for a due process violation. Accordingly, the majority did not merely fail to liberally construe Ms. McCoy's complaint, it largely ignored it.

However, if there was a deficiency in Ms. McCoy's fact pleading, as the majority suggests, and the circuit court abused its discretion by failing to dismiss Ms. McCoy's claim pursuant to Arkansas Rule of Civil Procedure 12(b)(6), pursuant to Rule 12(j), the dismissal of that claim must be without prejudice; and Ms. McCoy must be granted time to plead further. *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 19, 436 S.W.3d 445, 456.

Finally, the majority's reliance on *Goss v. Lopez*, 419 U.S. 565 (1975), apparently for the proposition that any process satisfies the Due Process Clause, is misplaced. At the outset, I note that *Goss* dealt with brief public-school suspensions of ten days or less. *Id*. The case before us resulted in Ms. McCoy being denied readmission to a state college for more than a year. However, it is worth noting that the *Goss* Court flatly stated that the "Fourteenth Amendment forbids the State to deprive any person of life, liberty, or property without due process of law. Protected interests in property are normally 'not created by the Constitution. Rather, they are created and their dimensions are defined' by an independent source such as state statutes or rules entitling the citizen to certain benefits." 419 U.S. at 572–73. Furthermore, the *Goss* Court stated that "the State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause and which may not be taken away for misconduct without adherence

9

to the minimum procedures required by that Clause." 419 U.S. at 574. Additionally, "The Due Process Clause also forbids arbitrary deprivations of liberty. 'Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him,' the minimal requirements of the Clause must be satisfied." *Id*. Ms. McCoy's complaint alleges that she was denied minimal due process when she was subjected to a very serious deprivation of her interest in receiving an education at a state university. I would affirm the circuit court and allow her allegations to be tried.

Regarding the Arkansas Freedom of Information Act Claim, I concur with the majority's disposition . Simply including the phrase "sovereign immunity" in a pleading does not automatically give this court appellate jurisdiction pursuant to Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil, when the actual issue—as in the case before us—involves statutory interpretation.

I therefore dissent in part and concur in part.

*Leslie Rutledge*, Att'y Gen., by: *Jennifer L. Merritt*, Ass't Att'y Gen., for appellants.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter*; and *Baker & Schulze*, by: *J.G. "Gerry" Schulze*, for appellee.