Karen R. Baker, Justice, concurring in part and dissenting in part.
*14 While I concur in the majority's holding that Monsanto's challenge to the 2016 and 2017 promulgations is moot, I dissent from the remainder of the opinion because suit is barred based on Board of Trustees of University of Arkansas v. Andrews , 2018 Ark. 12, 535 S.W.3d 616.
The majority states that "the ultra vires exception [to sovereign immunity] is alive and well, and it applies in this case. Neither Andrews nor any subsequent opinion of this court eliminated the ultra vires exception to the sovereign immunity doctrine." Relying on Martin v. Haas , 2018 Ark. 283, 556 S.W.3d 509, the majority holds that "where a claim is based on alleged ultra vires conduct on the part of the State, and the claimant seeks only declaratory or injunctive relief, sovereign immunity is inapplicable." This analysis is misplaced.
In Haas , the court explained that sovereign immunity did not bar suit:
[Haas] challenged the constitutionality of Act 633. "We view our [sovereign immunity] cases as allowing actions that are illegal, are unconstitutional or are ultra vires to be enjoined." Cammack v. Chalmers , 284 Ark. 161, 163, 680 S.W.2d 689, 689 (1984) ; see also Bd. of Trustees of Univ. of Ark. v. Burcham , 2014 Ark. 61, at 4, 2014 WL 585981 ("[T]he scope of the exception to sovereign immunity for unconstitutional acts or for acts that are ultra vires, arbitrary, capricious or in bad faith, extends only to injunctive relief.").
Because Haas has asserted that Act 633 violates qualified voters' constitutional right to vote and seeks declaratory and injunctive relief, not money damages, this action is not subject to the asserted sovereign-immunity defense.
Haas , 2018 Ark. 283, at 7-8, 556 S.W.3d at 514-15.
However, Haas is distinguishable from this case because in Haas we reversed the circuit court based on our review of the language of the Act at issue and our constitution. We only reviewed the validity of the Act and declared that it was constitutional on its face and ended our analysis there. Our analysis did not review the actions of the State or entertain an injunction, which is presented in this case. Stated differently, in Haas , the court did not determine whether sovereign immunity barred suit because we reviewed the face of the Act and did not reach the merits of the injunctive relief or review State action. We simply reviewed the words of the Act and decided whether those words comported with our constitution.
Further, despite Haas , based on Andrews -Monsanto's lawsuit is of no moment-the State cannot be sued under any circumstances. As I explained in my recent dissent in Arkansas Oil & Gas Commission v. Hurd , 2018 Ark. 397, at 18-19, 564 S.W.3d 248, 258-59 :
In Andrews , the court held that "never means never," therefore ... suit is barred based on the broad language in Andrews ... because Andrews did not identify exceptions, exemptions or the like. Again, the State may never be sued.
....
Andrews held that the State may never be made a defendant in any of her own courts. Accordingly, despite the majority's attempt to narrow Andrews , ...
*15 State conduct is at issue, and Andrews bars suit.
Here, like Hurd , the majority attempts to limit Andrews. Yet, until Andrews is overruled, suit against the State is barred, and the majority cannot pick and choose when an exception or exemption may apply.
Based on my discussion above, I concur in part and dissent in part.