Karen R. Baker, Justice, concurring in part and dissenting in part.
I concur in the majority's holding that the Board's appeal of that portion of the circuit court's order declaring the Board's rule establishing the April 2018 cutoff date for the in-crop application of dicamba herbicides is moot. However, I dissent from the remainder of the opinion because suit is barred based on Board of Trustees of University of Arkansas v. Andrews , 2018 Ark. 12, 535 S.W.3d 616.
Relying on Martin v. Haas , 2018 Ark. 283, 556 S.W.3d 509, the majority holds "that the defense of sovereign immunity was inapplicable in a lawsuit seeking only declaratory and injunctive relief and alleging an illegal, unconstitutional, or ultra vires act." This analysis is misplaced.
*478 In Haas , the court explained that sovereign immunity did not bar suit:
[Haas] challenged the constitutionality of Act 633. "We view our [sovereign immunity] cases as allowing actions that are illegal, are unconstitutional or are ultra vires to be enjoined." Cammack v. Chalmers , 284 Ark. 161, 163, 680 S.W.2d 689, 689 (1984) ; see also Bd. of Trustees of Univ. of Ark. v. Burcham , 2014 Ark. 61, at 4, 2014 WL 585981 ("[T]he scope of the exception to sovereign immunity for unconstitutional acts or for acts that are ultra vires, arbitrary, capricious or in bad faith, extends only to injunctive relief.").
Because Haas has asserted that Act 633 violates qualified voters' constitutional right to vote and seeks declaratory and injunctive relief, not money damages, this action is not subject to the asserted sovereign-immunity defense.
Haas , 2018 Ark. at 7-8, 556 S.W.3d at 514-15.
However, Haas , is distinguishable from this case because in Haas we reversed the circuit court based on our review of the language of the Act at issue and our constitution. We only reviewed the validity of the Act and declared that it was constitutional on its face and ended our analysis there. Our analysis did not review the actions of the State or entertain an injunction that is presented in this case. Stated differently, in Haas , the court did not determine whether sovereign immunity barred suit because we reviewed the face of the Act and did not reach the merits of the injunctive relief or review State action. We simply reviewed the words of the Act and whether those comported with our constitution.
Further, despite Haas , based on Andrews -the farmers' lawsuit is of no moment-the State cannot be sued under any circumstances. As I explained in my recent dissent in Arkansas Oil & Gas Comm'n v. Hurd , 2018 Ark. 397, 18-19, 564 S.W.3d 248, 258-59 :
In Andrews , the court held that "never means never," therefore ... suit is barred based on the broad language in Andrews ... because Andrews did not identify exceptions, exemptions or the like. Again, the State may never be sued.
...
Andrews held that the State may never be made a defendant in any of her own courts. Accordingly, despite the majority's attempt to narrow Andrews , ... State conduct is at issue, and Andrews bars suit.
Here, like Hurd , the majority attempts to limit Andrews. Yet, until Andrews is overruled, suit against the State is barred and the majority cannot pick and choose when an exception or exemption may apply.
Based on my discussion above, I concur in part and dissent in part.